BENEDICT RAYMOND et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent.

First Department, June 28, 1983

**APPEARANCES OF COUNSEL**

*Anthony G. Gross* of counsel (*Ozer & Gross,* attorneys), for appellants.

*Ralph A. Cascella* for respondent.

**OPINION OF THE COURT**

KASSAL, J.

Plaintiffs' action against defendant no-fault insurer to recover first-party insurance benefits was summarily dismissed on a finding that plaintiffs had failed to comply with conditions contained in the policy, requiring the execution and filing of a written proof of claim, the submission by the insured to a physical examination and examination under oath and the furnishing to the insurer of an authorization to obtain medical records. On review of the record, we disagree and find that there exists a factual issue as to whether plaintiffs substantially breached any condition to coverage. The issue is whether the carrier denied or repudiated the claim sufficient to excuse the insured from further compliance with such conditions precedent.

Plaintiff Benedict Raymond was insured by Allstate under a policy which provided, *inter alia,* no-fault coverage. On January 30, 1978, plaintiff was involved in an automobile accident in which he sustained personal injuries. On March 2, 1978, he submitted a written proof of claim with respect to the accident and, as a result, Allstate furnished certain no-fault benefits, paying medical bills and loss of earnings through June 30, 1978. Almost four years later, in May, 1982, this action was brought to recover additional no-fault benefits consisting of $6,000 in medical expenses, $64,000 in loss of earnings and $6,000 in travel expenses, all allegedly resulting from the same accident of January 30, 1978. The answer, *inter alia,* interposed affirmative defenses claiming a breach of the policy conditions in that plaintiff failed to report further expenses since 1978 and to timely file a proof of claim with regard to the additional loss.

Based upon those defenses, the insurer moved for summary judgment dismissing the complaint. Asserting that the insured failed to comply with conditions precedent in the policy, the carrier relied upon plaintiffs' failure or refusal to furnish an additional written proof of claim, to provide authorization to obtain medical records, to appear for examination under oath and to submit to a physical examination. In support of its position, Allstate submitted a letter to its assured dated June 1, 1982, demanding a proof of claim, written authorizations and the submission by the insured to a physical examination and examination under oath. Plaintiffs' attorneys by letter, dated June 14, 1982, refused to comply inasmuch as an action had already been brought to recover on the policy and suggested that the carrier arrange for a physical examination and examination before trial in the course of the litigation.

In dismissing the complaint, Special Term found the papers insufficient to establish that a claim form had been submitted in accordance with the requirements of the policy. Thus, the court held "an examination of the moving papers sufficiently establishes that the plaintiffs had not submitted any claim forms to the defendant carrier, nor had they acted otherwise to seek additional first party benefits prior to the commencement of this action."

To the contrary, on January 21, 1982, plaintiffs' attorneys wrote to the insurer enclosing a medical bill in the sum of $1,975, together with documents from the employer and a medical certificate, claiming that plaintiff had been unable to return to work since and as a result of the January 30, 1978 accident. In response to that and other submissions from the insured on the additional claim, on February 22, 1982, more than 2 months prior to commencement of this action, Allstate rejected the claim by the service of a New York motor vehicle no-fault insurance law denial of claim form. The form specifically rejected any claim for loss of earnings and health service benefits subsequent to June, 1978 "due to lack of cooperation and notice." In broad and conspicuous print on the reverse side of the notice, the insured was advised: "IF YOU WISH TO CONTEST THIS DENIAL, YOU HAVE THE FOLLOWING OPTIONS", apprising the insured of three alternate courses of action, (1) "You may file a written complaint with: NEW YORK STATE INSURANCE DEPARTMENT"; (2) "You may submit this dispute to arbitration"; or (3) "*You may bring a lawsuit to recover the amount of benefits you claim to be entitled to*" (emphasis added). As far as appears, the insured elected to proceed by the third alternate remedy and commenced this action in May, 1982.

The dissent, in its interpretation of the "denial of claim form", implicitly concludes that the form afforded to the policyholder a fourth option, "to complain to defendant". Each of the first three alternatives are separated by the word "OR", which is not present between the third and fourth paragraphs. After setting forth the "OPTIONS," the insured is plainly advised as follows: "IF YOU ARE CONTESTING THE DENIAL OF YOUR CLAIM AND WISH TO FILE A COMPLAINT OR SUBMIT THE DISPUTE TO ARBITRATION, ENTER YOUR REASON(S), SIGN BELOW AND SEND TO THE APPROPRIATE ADDRESS." It is not logical to describe this as a fourth alternative to complain, as is suggested by the dissent. Clearly, the express reference in the quoted passage to "FILE A COMPLAINT" or "SUBMIT THE DISPUTE TO ARBITRATION" pertains to the first two alternatives set forth in the form and is designed to afford a fast and convenient method to the policyholder to proceed either with a complaint to the

Insurance Department or by submission of the dispute to arbitration. It has no bearing upon the explicit language in the third option "You may bring a lawsuit". This was what the insured elected to do herein, namely, proceed in litigation.

Where an insured brings an action on a policy of insurance without complying with conditions precedent, the action is subject to dismissal on that ground (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, affd 53 NY2d 835). There, an action had been brought to recover on a fire insurance claim, commenced 10 months after the loss and two months before expiration of the 12-month limitations period contained in the policy. Following institution of suit, the insurer requested submission of proof of loss forms and an examination under oath. Plaintiff did not comply with either request. Thereafter, in an amended answer, the insurer asserted the failure of the insured to comply with the terms of the policy and section 168 of the Insurance Law, in failing to render written proofs of loss and to appear for an examination under oath. After an examination before trial, the carrier moved for summary judgment, claiming that the failure to comply with the aforesaid conditions was an absolute defense and barred the suit. We agreed and dismissed, finding that plaintiff had failed to fulfill its contractual and statutory obligations. In affirming, the Court of Appeals (*supra,* p 837) cited the absence of any reason for noncompliance by the insured, holding, "[i]n view of the insured's unexcused and willful refusal to comply, there is no reason to deny summary judgment dismissing the complaint unconditionally".

The absence of any excuse or mitigating factor in *Lentini* (*supra*) distinguishes the situation in that case from that posed on this record. Here, prior to institution of suit, the insurer denied the claim for additional first-party benefits, expressly relying upon the insured's "lack of cooperation and notice." Such a repudiation of the claim operated to relieve the insured from further compliance with conditions precedent to suit (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra,* p 836;

*Beckley v Otsego County Farmers Co-op. Fire Ins. Co.,* 3 AD2d 190, mot for lv to app dsmd 2 NY2d 990).

Generally, the noncompliance by the insured with a condition amounting to a technical failure or an immaterial omission will not furnish the insurer with a valid ground to void the policy. Substantial compliance by the insured relative to the submission to an examination under oath or the furnishing of proofs prior to institution of suit is all that is required (see *Happy Hank Auction Co. v American Eagle Fire Ins. Co.,* 1 NY2d 534; *Porter v Traders' Ins. Co. of Chicago, Ill.,* 164 NY 504). In *Lentini (supra)* there was no issue of substantial compliance, the insured having, without excuse, willfully refused to furnish a proof of loss and submit to an examination under oath, albeit demand was made after the action had been commenced. The absence of any reason to excuse the "unexcused and willful refusal to comply" mandated the result reached in that case. However, in affirming, the Court of Appeals distinguished the facts in *Lentini* from the situation here, where the insurer had disclaimed liability prior to suit. The court found this would excuse the insured from further performing his obligations under the contract.

Thus, in *Beckley v Otsego County Farmers Co-op. Fire Ins. Co. (supra,* p 194) the Appellate Division, Third Department, held: "A repudiation of liability by an insurance company excuses the insured from further performance on his part of the conditions of the policies. Such a repudiation excuses the filing of proofs of loss, the production of books and documents, the submission to examination, and the taking of any other preliminary steps by the insured * * *

"If an insurance company refuses to pay a loss under a fire insurance policy on the ground that the insured had caused the loss by his own act of arson, it must justify its refusal upon the ground put forward by it. The insured may sue the company at once and put it to its proof. The insurance company must then stand or fall upon the defense upon which it based its refusal to pay. It may not thereafter attempt to create other grounds for refusal to pay by demanding compliance by the insured with other incidental provisions of the policy with which it had not demanded compliance prior to its repudiation of liability."

Applying this principle here, we find the record not at all conclusive as to whether there had been a repudiation of the claim by the insurer in advance of the institution of suit. The inclusion in the record of the denial of the claim by the carrier, apparently in response to correspondence from the insured submitting an additional claim, at the least, raises a factual issue as to the circumstances surrounding the transmission of that denial and what claim had been submitted prior to commencement of this action. The conclusory assertion by the insurer that, after paying first-party benefits through June 30, 1978, there was no activity for almost 4 years, until commencement of this action, is not supported by the record. It is clear that there was some contact between the parties relating to additional benefits. Indeed, the transmittal by the carrier of its denial of claim form, repudiating any responsibility for medical expenses and loss of earnings for the period subsequent to June, 1978 was preceded by at least one communication from the insured or his attorneys. The record includes the original proof of claim delineating the facts relating to the accident and the injuries sustained, which formed the basis for the original payment. Whether the January 21, 1982 letter from counsel, together with the enclosures, amounted to the timely submission of a claim for additional first-party benefits poses an issue which cannot be resolved on this record. The existence of factual issues, under the circumstances prevailing in this case, precludes the granting of summary judgment relief (see *Rosch v Agway Ins. Co.*, 86 AD2d 929).

Accordingly, the judgment, Supreme Court, Bronx County, entered February 4, 1983, upon the order (ANTHONY MERCORELLA, J.), entered January 7, 1983, granting defendant's motion for summary judgment dismissing the complaint, should be reversed, on the law, with costs, the judgment vacated, the motion for summary judgment denied and the complaint reinstated. The appeal from the said order entered January 7, 1983 should be dismissed as subsumed by the appeal from the judgment.

Ross, J. (dissenting). We dissent and would affirm.

Plaintiff Benedict Raymond (Raymond) was involved in an automobile accident on January 30, 1978. At the time of

the accident he was insured under an automobile liability policy issued by defendant. In strict compliance with the provisions of defendant's policy, Raymond submitted a proof of claim form, dated March 2, 1978. After receiving the completed form, it is undisputed that defendant paid Raymond more than $2,500 in reimbursement for his medical expenses and loss of earnings.

From 1978 until January 21, 1982 there was no communication between the parties. By letter, dated January 21, 1982, Anthony G. Gross (Gross), who is Raymond's attorney, sent a $1,975 medical bill to defendant, which they rejected in a "DENIAL OF CLAIM FORM," dated February 22, 1982. In pertinent part, defendant informed Raymond: "Any and all payments after that date [June-78] are denied due to lack of cooperation and notice".) On page two of this "DENIAL OF CLAIM FORM" Raymond was advised:

"IF YOU WISH TO CONTEST THIS DENIAL, YOU HAVE THE FOLLOWING OPTIONS:

"1. You may file a written complaint with: NEW YORK STATE INSURANCE DEPARTMENT * * *

"2. You may submit this dispute to arbitration * * *

"3. You may bring a lawsuit * * *

"IF YOU ARE CONTESTING THE DENIAL OF YOUR CLAIM AND WISH TO FILE A COMPLAINT".

Examination of page 2 reveals that Gross, on behalf of Raymond, rejected the three numbered options and instead decided to complain to defendant. Thus, right on this form, Gross wrote, dated March 30, 1982: "In the accident of January 30, 1978 claimant sustained serious personal injuries, resulting in his being unable to return to work from the date of the accident to the present time. The medical report has just been received. Claimant was forced to move to Trinidad. The denial of claim by Allstate Ins. Co. for lack of cooperation and notice is unjustified. Claimant is entitled to lost earnings and medical expenses incurred by reason of the injuries sustained in this accident."

Based upon this continued dialogue with defendant, we, unlike the majority, do not find that there is any issue of fact concerning repudiation that would prevent the granting of summary judgment. Therefore, when the defendant

on June 1, 1982, demanded a new proof of claim from Raymond, he had an obligation under the policy provisions to supply it.

Insurance regulations of this State require the execution of a written proof of claim under oath when requested by the insurer (11 NYCRR 65.2 [a]). Furthermore, paragraph 9 of the policy mandates the filing of proof of claim forms as often as may reasonably be required which detail particulars of the injury and loss. Finally, paragraph 6 of the policy states that "[n]o action shall lie against * * * [defendant] unless, as a condition precedent thereto, the insured [Raymond] shall have fully complied with all the terms of this policy".

It is undisputed that Raymond deliberately failed to comply with the policy terms by not filing an updated proof of loss. The fact that Raymond commenced a lawsuit against defendant in May, 1982 does not excuse him from responding. The case of *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.* (76 AD2d 759, affd 53 NY2d 835), is dispositive of the issue involved herein. As we said in *Lentini* (*supra,* p 761): "Plaintiff's failure to furnish written proofs of loss as required by the insurance contract and demanded by defendant (Insurance Law, § 172) is an absolute defense to the action * * * The fact that defendant did not request written proofs of loss until after the action was commenced did not nullify plaintiff's contractual obligation to complete and submit such forms upon defendant's request". In our view, defendant's motion for summary judgment dismissing the action was correctly granted.

CARRO and LYNCH, JJ., concur with KASSAL, J.; ROSS, J. P., and FEIN, J., dissent in an opinion by ROSS, J. P.

Judgment, Supreme Court, Bronx County, entered on February 4, 1983, reversed, on the law, the judgment vacated, the motion for summary judgment denied and the complaint reinstated. Appellants shall recover of respondent one bill of $75 costs and disbursements of this appeal. The appeal from the order of said court entered on January 7, 1983, is dismissed as having been subsumed by the appeal from the judgment.