■ HIGH FASHIONS HAIR CUTTERS, Respondent, v COMMERCIAL UNION INSURANCE Co., Appellant.—In an action to re-

cover on a fire insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 21, 1986, as denied its cross motion for summary judgment dismissing the complaint, or, in the alternative, to strike the plaintiff's demands for consequential and punitive damages.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the cross motion which was to strike the plaintiff's demands for consequential and punitive damages and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

We find that the defendant, having failed to establish its noncooperation defense as a matter of law, was not entitled to summary judgment dismissing the complaint (see, Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 53 NY2d 835). A technical failure or immaterial omission will not furnish the insurer with a valid basis for voiding its obligations (Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra; see, Pizzirusso v Allstate Ins. Co., 143 AD2d 340). Thus, the plaintiff's failure to inventory the property claimed to have been damaged and specify corresponding replacement costs in its timely proof of loss statements did not void the policy (see, Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn., 99 AD2d 456, 457; D. C. G. Trucking Corp. v Zurich Ins. Co., 81 AD2d 990, 991, lv denied 54 NY2d 605; see also, Wachtel v Equitable Life Assur. Socy., 266 NY 345, 351). Moreover, substantial performance by the insured relative to the submission to an examination under oath prior to the institution of an action is all that is required (see, Raymond v Allstate Ins. Co., 94 AD2d 301, 305, and cases cited therein). While the plaintiff's failure to attend a second examination under oath, as agreed to at the close of the first examination, may constitute a material breach of its obligations under the policy (see, Catalogue Serv. v Insurance Co., 74 AD2d 837; see also, Bulzomi v New York Cent. Mut. Fire Ins. Co., 92 AD2d 878), a triable question of fact exists as to whether the defendant agreed that the forwarding by the plaintiff of its tax returns obviated the need for a further examination and constituted such substantial performance. Furthermore, in light of the plaintiff's substitution of counsel following the initial examination under oath, and the fact that defense counsel's letter of October 28, 1983, designating a date for the continuation of

the examination and its notice that the focus thereof would be the repairs allegedly made by Etna Construction Company as the defendant now claims, we refuse to void the policy where there exist issues of fact concerning substantial performance of a condition under the policy.

However, we conclude that the plaintiff's demands for consequential and punitive damages should have been dismissed as a matter of law. "Allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages" (*Catalogue Serv. v Insurance Co., supra,* at 838; *see, Walker v Sheldon,* 10 NY2d 401, 406). In the instant case, the record reflects that the defendant pursued a proper investigation of the plaintiff's claim in light of, *inter alia,* the fire report's description of the fire's ignition as suspicious and the apparently bogus estimate submitted by the plaintiff purporting to document repair work done prior to the fire. Moreover, the plaintiff was not entitled to consequential or indirect damages since the policy did not contain a specific provision permitting recovery for such loss (*see,* 71 NY Jur 2d, Insurance, § 1751). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.