■ 232 BROADWAY CORP., Also Known as 232 WEST 234TH BROADWAY CORP., Respondent, v CALVERT INSURANCE COMPANY, Appellant.—In an action to recover on a policy of fire insurance, the defendant appeals (1) from an order of the Supreme Court, Kings County (Vinick, J.), dated October 21, 1987, which denied its motion to strike the complaint, and (2) as limited by its brief, from an order of the same court, dated January 6, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 21, 1987 is dismissed, without costs or disbursements, as that order was superseded by the order dated January 6, 1988 made upon reargument; and it is further,

Ordered that the order dated January 6, 1988 is affirmed

insofar as appealed from, without costs or disbursements, on condition that at a time and place to be specified in written notice of not less than 10 days, the plaintiff shall submit to an examination under oath and produce the documents sought by the appellant in its letter dated May 11, 1987, in connection therewith; and it is further,

Ordered that in the event that condition is not complied with, then the order dated January 6, 1988 is reversed insofar as appealed from, on the law, the order dated October 21, 1987 is vacated, and the defendant's motion to strike the complaint is granted, with one bill of costs.

It is settled that the failure to comply with a policy provision requiring submission to an examination under oath is a material breach of the policy, precluding recovery of the policy proceeds (see, Pizzirusso v Allstate Ins. Co., 143 AD2d 340; 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn., 142 AD2d 124; Bulzomi v New York Cent. Mut. Fire Ins. Co., 92 AD2d 878; Catalogue Serv. v Insurance Co., 74 AD2d 837). In the instant case the plaintiff's failure to submit to an examination under oath and to produce the documents sought in connection therewith constituted a failure to comply with its obligations under the insurance policy (see, Catalogue Serv. v Insurance Co., supra, at 837).

We reject the plaintiff's contention that it was not obligated to submit to the examination or to produce the requested documents since it never received the certified letter containing the defendant's request for the examination. The record indicates that postal authorities sent the plaintiff two notices of the certified letter, but the letter was returned to the defendant as unclaimed. Since the plaintiff was at fault in failing to claim the certified letter, it cannot raise its nonreceipt as a defense to complying with its obligations under the policy (see, Greyhound Capital Corp. v EDP Med. Computer Sys., 147 AD2d 674; Rifenburg v Liffiton Homes, 107 AD2d 1015; Matter of Skoczlois v Vinocour, 221 NY 276, 281). Moreover, the defendant sent the plaintiff a copy of the certified letter by regular mail and it was not returned.

We also reject the contention that the defendant's failure to pay the plaintiff's claim within 60 days of the submission of proof of the claim constituted a breach of the policy, discharging the plaintiff of any obligation it may have had under the policy. The relevant policy provision states that payment must be made within 60 days after submission of proof of loss "and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or

by the filing with this Company of an award as herein provided." Since the parties in this case did not reach an agreement as to the amount of the loss, the defendant was not obligated to pay the claim *(see, Catalogue Serv. v Insurance Co.,* 74 AD2d 837, *supra).*

However, the complaint should not have been dismissed without first affording the plaintiff an opportunity to cure the breach *(see, Catalogue Serv. v Insurance Co., supra; Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.