■ AVI YERUSHALMI, Doing Business as QUEENS TRUE VALUE HOME CENTER, Respondent, v HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant.—

To prevail on its defense of noncooperation defendant insurer must show, by a preponderance of the evidence *(Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 46, *lv denied* 70 NY2d 610), an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents *(Averbuch v Home Ins. Co.,* 114 AD2d 827, 829). Here, the insured's noncooperation was not so willful or extreme as to warrant the "extreme penalty" of unconditional dismissal without affording him a "last opportunity" to comply with the several legitimate document demands as yet unsatisfied *(Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605, 606; *Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 99 AD2d 456). Those documents too voluminous to transport may be produced at the insured's place of business at a date convenient to the insurer within the 30-day period we are giving the insured to produce all of the documents demanded. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.