■ DePicciotto Corp., Respondent, v Derek R. Wallis, on Behalf of Himself and Other Interested Underwriters at Lloyd's, Appellant.—Order, Supreme Court, New York County (Francis Pecora, J.) entered February 13, 1991, which denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff corporation operates a retail jewelry business in mid-Manhattan. Defendant, as an underwriter at Lloyd's, issued to plaintiff an all risk jewelers' block policy which covered, inter alia, burglary and employee dishonesty losses. On January 21, 1989 plaintiff notified Lloyd's that it had suffered a burglary loss in excess of two million dollars at the insured premises.

After an intensive investigation, triggered by many suspicious circumstances, Lloyd's concluded that the burglary had to be an "inside job". Thereupon Lloyd's sought to determine whether plaintiff's principals had a financial motive to arrange the burglary.

While the plaintiff complied with virtually all of the demands for information made by Lloyd's representatives investigating the claim, it refused to produce its tax returns for the three years preceding the loss. The tax returns had been

demanded by Lloyd's on three separate occasions, with warnings that failure to comply would constitute a breach of the insured's obligations under the policy warranting rejection of the claim.

Because plaintiff refused to produce the returns, Lloyd's refused payment. Plaintiff then commenced this action on the policy. Asserting that plaintiff's withholding of the tax returns was a breach of the cooperation clause of the policy, defendant moved for summary judgment dismissing the action. The motion court denied summary judgment, but held that the defendant was entitled to the tax returns, and directed the plaintiff to produce them.

We agree with this disposition in light of the totality of the facts disclosed in the record. True, the willful refusal to furnish the tax information, despite Lloyd's three demands therefor constituted a breach of the policy, and made out a prima facie case for summary judgment in favor of the insurer *(Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953; *Evans v International Ins. Co.,* 168 AD2d 374). However, in circumstances limited by the "perspective" of the particular case, a policy claimant has been granted a final opportunity to respond to inquiries as a means of defeating summary judgment *(see, e.g., Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605).

Furthermore, the duty of an insured to cooperate with the insurer is satisfied by substantial compliance *(Porter v Traders' Ins. Co.,* 164 NY 504; *High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465). Here plaintiff cooperated substantially with the Lloyd's investigation. Any prejudice to the defendant arising from delayed production appears to be minimal. We note that depositions of plaintiff's principals are still open, and the tax returns will be available for effective use there. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.