■ NELSON DAVIS, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [612 NYS2d 195] —In an action to recover the

proceeds of a fire insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated April 9, 1992, as, in effect, denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff commenced the instant action to recover for damages to his property caused by two fires that allegedly occurred on April 11, and April 12, 1990. On or about September 14, 1990, proof of loss was submitted to the plaintiff's insurer, the defendant Allstate Insurance Company (hereinafter Allstate). After a consultant hired to investigate the cause of fire determined that it had been intentionally set, Allstate served a notice to take the plaintiff's deposition. The notice demanded the production of various documents relevant to the plaintiff's personal finances, costs incurred in connection with the purchase of the premises, and the cost of repairs or renovations.

On the date scheduled for his deposition, November 26, 1990, the plaintiff appeared with his own attorney at the offices of Allstate's attorneys. A dispute arose between the attorneys for the respective parties concerning whether the plaintiff would be allowed to tape record his deposition. Counsel could not agree on the use of the tape recorder and the deposition was aborted.

Between late November 1990 through April 1991 a series of letters were exchanged between counsel wherein the parties adhered to their respective positions regarding use of the tape recorder during the deposition. Allstate's attorneys reiterated the insurer's demand for the production of specified financial documents. The plaintiff's attorney responded by indicating that certain of the requested documents were unavailable and others were "beyond the scope of [Allstate's] permissible inquiry".

Later in April 1991 the plaintiff commenced the instant action against Allstate seeking recovery of the policy proceeds and punitive damages. Allstate moved for summary judgment, contending that the plaintiff had failed to comply with the policy provision requiring him to cooperate in its investigation concerning the cause of the fire. Allstate also sought dismissal of the punitive damages demand on the ground it did not state a cause of action.

The court initially granted Allstate's motion without opposi-

tion from the plaintiff. The court subsequently granted the plaintiff's application to vacate his default in responding to Allstate's motion, considered the motion de novo and, in effect, denied the motion by referring the matter to a Judicial Hearing Officer to hear and determine whether the requested documents were willfully withheld.

Under the circumstances here, we find that the failure to cooperate was willful and constituted a material breach of the policy precluding recovery by the plaintiff *(see, Cabe v Aetna Cas. & Sur. Co.,* 153 AD2d 653, 654). An insurance company is entitled to obtain information promptly to enable it to decide upon its obligations and protect against false claims *(see, Argento v Aetna Cas. & Sur. Co.,* 184 AD2d 487, 488). Here, the plaintiff initially refused to provide material information on the ground that it was beyond the scope of Allstate's permissible inquiry. In opposition to Allstate's motion for summary judgment, the plaintiff's attorney provided an affirmation retreating from the position that Allstate was not entitled to the documents, but contending that some of the documents never existed or had been destroyed in the fire. The plaintiff himself never denied the existence of the documents, but in conclusory fashion, stated in his own affidavit that he had cooperated with Allstate by giving the insurer all possible documents and information "which are available and have not been destroyed by the fire". The record shows a pattern of noncooperation for which no reasonable excuse was offered. Under the circumstances, Allstate's motion for summary judgment should have been granted *(see, Argento v Aetna Cas. & Sur. Co., supra; Averbuch v Home Ins. Co.,* 114 AD2d 827, 829).

In light of the foregoing, we do not reach the other issues raised by Allstate. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.