■ 232 Broadway Corp., Respondent, v New York Property Insurance Underwriting Association, Appellant. (Action No. 1.) 232 Broadway, Also Known as 230 West 234th Broadway Corp., Respondent, v Calvert Insurance Company, Appellant. (Action No. 2.) (And Another Title.) [615 NYS2d 42] —In related actions to recover insurance proceeds under two separate fire insurance policies, (1) the defendant Calvert Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated January 14, 1992, as upon granting its cross motion to renew and/or reargue its prior motion for summary judgment, adhered to the original determination in a prior order of the same court dated June 18, 1991, conditionally denying summary judgment, and (2) the defendant New York Property Insurance Underwriting Association appeals from so much of the order as denied its cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the order dated June 18, 1991, is vacated, upon reargument and renewal, the Calvert Insurance Company is granted summary judgment dismissing Action No. 2, the cross motion by New York Property Insurance Underwriting Association to dismiss Action No. 1 is granted, and the matter is remitted to Supreme Court, Kings County, for further proceedings in accordance herewith.

The actions involve claims under separate policies of insurance issued by the defendants in Action No. 1 and Action No. 2. The plaintiff in Action No. 1, 232 Broadway Corp., and the plaintiff in Action No. 2, 232 Broadway, a/k/a 230 West 234th Broadway Corp. (both of which appear to be the same entity and will be referred to hereinafter collectively as 232) made separate claims under each of the policies. Eventually, 232 commenced two separate actions under each of the separate insurance policies.

In 1987 one Joseph Markowitz (hereinafter Markowitz) a principal of 232, testified, as required by the applicable insurance policy, at an examination under oath concerning the plaintiff's claim under the policy issued by the defendant in Action No. 1, New York Property Insurance Underwriting Association (hereinafter New York Property). The examination was conducted by New York Property. Thereafter, he was again examined by Calvert Insurance Company (hereinafter Calvert), under oath, again as required by the applicable insurance policy, this time in 1990, in connection with the claim under the insurance policy related to Action No. 2.

At those examinations, Markowitz testified as to certain losses he had allegedly suffered both in his personal and business capacities. The losses and claims he acknowledged at those examinations were comparatively few in number. We note that there was considerable motion practice relating to discovery and examinations under oath, in these actions, including a prior appeal to this Court in Action No. 2 *(232 Broadway Corp. v Calvert Ins. Co.,* 149 AD2d 694).

By order of the Supreme Court, Kings County (Hurowitz, J.), dated June 18, 1991, Calvert's motion for summary judgment dismissing the action was denied on condition that the plaintiff supplied certain information within a specified time. Thereafter, by notice of motion dated August 12, 1991, 232 moved to modify that order to deny Calvert's motion outright, contending that it had, in good faith, complied with that order. Calvert then cross-moved to renew and/or reargue, and

for summary judgment dismissing Action No. 2, unconditionally. New York Property also cross-moved for summary judgment dismissing Action No. 1. In opposition to the cross motions, Markowitz submitted an affidavit, *inter alia,* setting forth a loss history which was much more extensive than that previously testified to by him at his prior examinations under oath. The Supreme Court, Kings County, by order dated January 14, 1992 then permitted 232 one last opportunity to provide the appellants Calvert with certain items. The order further provided that in the event 232 failed to comply therewith, the appellants could enter an order dismissing Action No. 1 and Action No. 2.

We find that under the circumstances present here, it was an abuse of discretion to permit 232 this one last opportunity to provide the requested items. 232 has had numerous opportunities to cure any deficiencies and has failed to do so. In any event, the alleged inability of Markowitz to previously recall the vast majority of the claims he now sets forth in his affidavit in opposition to the cross motion renders his testimony at the 1987 and 1990 examinations under oath incredible as a matter of law. We therefore find that, as a matter of law, 232 has failed to cooperate with its insurers as required under its insurance policies. Such failure is a material breach of those policies. Its actions under those policies must therefore be dismissed *(Argento v Aetna Cas. & Sur. Co.,* 184 AD2d 487; *Rickert v Travelers Ins. Co.,* 159 AD2d 758). O'Brien, Ritter and Florio, JJ., concur.

Balletta, J. P., dissents and votes to affirm the order insofar as appealed from, with the following memorandum: It is well settled that an insured has an obligation to cooperate with its insurer in the investigation of the claimed loss *(see, Dyno-Bite, Inc. v Travelers Co.,* 80 AD2d 471, 473; *see also, Raymond v Allstate Ins. Co.,* 94 AD2d 301, 304). However, substantial compliance by the insured relative to the submission to an examination under oath or the furnishings of proofs prior to the institution of suit will satisfy that obligation *(see, Raymond v Allstate Ins. Co., supra,* at 305; *see also, Happy Hank Auction Co. v American Eagle Fire Ins. Co.,* 1 NY2d 534). Moreover, the insurer bears the burden of proving lack of cooperation on the part of its insured *(see, Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 45-46).

In the instant case, the appellants failed to sustain their burden of proving the plaintiff's noncooperation.

While it is true that the plaintiff initially failed to submit to the examination under oath, that breach was cured by its

principals when they submitted to separate examinations under oath. As noted by the Supreme Court, the plaintiff's subsequent compliance with the cooperation clause of the policy was substantial, and there was no evidence of any willful misrepresentation or furnishing of false information. The mere fact that during his examination under oath, the plaintiff's principal failed to remember and recite the precise dates of prior losses suffered by his company does not in any way establish that he was misrepresenting any material facts. In addition, the plaintiff's principal's inability to answer the questions relating to exact amounts of those prior losses cannot be characterized as incredible as a matter of law, since those losses and claims occurred over a period of 12 to 13 years, and there is no reason why the plaintiff's principal should remember them all verbatim and with precision (cf., *Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953). Finally, the record before the court was full of documents which were demanded by the appellants and produced by the plaintiff, albeit after a brief delay.

The Supreme Court did not improvidently exercise its discretion when it determined that the plaintiff had substantially complied with all of the appellants' demands. The plaintiff provided a reasonable explanation for any delays (cf., *Cabe v Aetna Cas. & Sur. Co.,* 153 AD2d 653), and there was no suggestion of a willful pattern of noncooperation (cf., *Averbuch v Home Ins. Co.,* 114 AD2d 827).

Accordingly, I would find that the appellants, having failed to establish their noncooperation defense as a matter of law, were not entitled to summary judgment (see, *High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465).