■ JAHN AVARELLO, Respondent, v STATE FARM AND CASUALTY COMPANY, Appellant. [616 NYS2d 796] —In an action to recover under a fire insurance policy, the defendant insurance company appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 9, 1993, which granted its motion for summary judgment only on condition that the plaintiff failed to comply with certain discovery.

Ordered that the order is affirmed, with costs.

In order to have prevailed on its defense of non-cooperation, the defendant-insurance company was required to show, by a preponderance of the evidence, that the plaintiff-insured had engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents (see, Yerushalmi v Hartford Acc. & Indem. Co., 158 AD2d 407; Averbuch v Home Ins. Co., 114 AD2d 827). In addition, it should be noted that the duty of an insured under the cooperation clause of a fire insurance policy is satisfied by substantial compliance (see, DePicciotto Corp. v Wallis, 177 AD2d 327; High Fashions Hair Cutters v Commercial Union Ins. Co., 145 AD2d 465).

In this case, the conditional order was entirely proper. The delay herein in complying with discovery was neither lengthy

nor willful, and the insured provided a satisfactory explanation for the delay. Moreover, the requested documents have already been furnished to the insurer; and the plaintiff, who had previously submitted himself to an examination under oath within a few months after the fire, has forwarded a signed, notarized copy to the defendant *(see, 232 Broadway Corp. v Calvert Ins. Co.,* 149 AD2d 694; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124)*. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.