■ ROCHELLE BAERGA, Respondent, v TRANSTATE INSURANCE COMPANY, Appellant. [623 NYS2d 587] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about October 5, 1994, which, *inter alia,* denied defendant's motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

The IAS Court properly determined that summary judgment in defendant's favor was barred by material triable issues of fact as to whether the plaintiff's failure to cooperate with the defendant in the investigation of the insurance claim, based upon plaintiff's failure to appear for a continued examination under oath, was a willful disregard of plaintiff's policy obligations, or was, in fact, due to the deteriorating physical and mental condition and subsequent suspension from the practice of law of plaintiff's former counsel *(Abudayeh v Fair Plan Ins. Co.,* 105 AD2d 764, 766; *Rosch v Agway Ins. Co.,* 86 AD2d 929).

Although the failure of an insured to submit to an examination under oath and to supply all relevant material in compliance with the provisions of an insurance policy has been held to constitute a material breach and to preclude recovery *(Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835; *Evans v International Ins. Co.,* 168 AD2d 374), the record below nevertheless reveals that the defendant insurer herein has not sustained its burden of proving that the plaintiff willfully refused to cooperate in the investigation and to participate in the examination under oath in violation of the insurance contract *(Yerushalmi v Hartford Acc. & Indem. Co.,* 158 AD2d 407), where, as here, the plaintiff appeared at an initial examination under oath but subsequently failed, allegedly by reason of her incapacitated counsel's conduct, to submit to subsequent examinations *(Catalogue Serv. v Insurance Co.,* 74 AD2d 837).

A triable issue of fact as to the reasonableness of plaintiff's failure to appear for the examination has therefore been presented since the courts of this State have consistently held

that substantial compliance by the insured with the requests of the insurer will suffice in satisfying the cooperation clause of an insurance policy *(DePicciotto Corp. v Wallis,* 177 AD2d 327, 328; *Raymond v Allstate Ins. Co.,* 94 AD2d 301, 305), and since the plaintiff has submitted a detailed explanation of the events surrounding her alleged failure to cooperate, asserting that the suspension of her former attorney from the practice of law *(Matter of Chasen,* 181 AD2d 167) provided a reasonable explanation for any alleged non-cooperation on her part *(High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465; *Sappah v Cambridge Mut. Fire Ins. Co.,* 105 AD2d 911). Concur—Murphy, P. J., Sullivan, Kupferman, Asch, and Mazzarelli, JJ.