■ R & L REALTY DEVELOPMENT, Respondent-Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. [631 NYS2d 762] —In an action to recover the proceeds of a fire insurance policy, the defendant New York Central Mutual Fire Insurance Company appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 23, 1993, as denied the branch of its motion which was for summary judgment dismissing the complaint for failure to provide requested information, and the plaintiff cross-appeals from so much of the same order as granted the branch of the motion of New York Central Mutual Fire Insurance Company which was to dismiss its second cause of action and denied its cross motion to compel discovery.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of the Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The instant action was commenced by the plaintiff to recover the proceeds of a fire insurance policy which insured premises owned by it. The premises were damaged by a fire which occurred in November 1991.

The fire insurance policy issued by the appellant to the plaintiff provided in pertinent part:

"Cooperation: In case of loss, you must cooperate in performing all acts required by this policy * * *

"Records: You must produce records, including tax returns and bank microfilms of all cancelled checks, relating to value, loss and expense and permit copies and extracts to be made of them as often as we reasonably request".

After a preliminary investigation by the appellant disclosed the fire was incendiary in nature, the plaintiff appeared at an examination under oath on March 9, 1992.

Thereafter the instant action was commenced by service of a summons and complaint dated June 9, 1992. After joinder of issue, the appellant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it based on the plaintiff's failure and refusal to supply the appellant with relevant and material documents and authorizations. The court denied the branch of the appellant's motion which was for summary judgment but ordered the plaintiff to supply the documentation and authorizations within 60 days from service upon it of a copy of the order with notice of entry.

At issue on the instant appeal is whether the plaintiff's failure to provide two tax documents and to execute and return authorizations provided under cover of correspondence from the appellant dated April 16, 1992, and June 16, 1992, constituted such an unexcused and willful refusal to cooperate with the appellant so as to exact the draconian penalty of dismissal of the plaintiff's complaint without first affording the plaintiff "the last opportunity to perform in accordance with the policies' provisions" *(Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605, 606; *Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.,* 99 AD2d 456).

The insured appeared and answered all of the questions posed at the examination under oath, provided the bulk of the documents demanded, and proffered a reasonable excuse for failing to produce the two missing tax documents and the authorizations, i.e., the appellant's failure to accept or reject its claim within thirty days of receipt of the plaintiff's sworn proof of loss. Accordingly, "[i]n view of the plaintiff's substantial compliance * * * the readily correctable nature of the omission" *(Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn., supra,* at 457), and the short lapse of time between the appellant's first demand for authorizations on April 16, 1992, the plaintiff's complaint dated June 9, 1992, and the appellant's subsequent demand for authorizations dated June 16, 1992, the plaintiff's conduct was not such an unexcused and willful refusal to cooperate so as to warrant the imposition of the draconian relief sought by the appellant. Thus, the court did not err in affording the plaintiff an opportunity to provide the missing documents and authorizations.

We have considered the appellant's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.