■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BROOKS MCBRYDE, Appellant. [640 NYS2d 751] —Order, Supreme Court, New York County (Allen Alpert, J.), rendered January 7, 1993, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 12 to 24 years, unanimously affirmed.

We find that defendant's waiver of his right to appeal any pretrial rulings, made in connection with his plea bargain, was voluntary, knowing and intelligent, and that the issue he now raises as to whether there should have been a *Dunaway* hearing is therefore nonreviewable (*People v Callahan*, 80 NY2d 273). In any event, if we were to review the merits, we would find that defendant's motion papers failed to set forth facts sufficient to warrant such a hearing (CPL 710.60 [1], [3] [b]). We also note that he was granted hearings on his motions to suppress his statements and identification. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.

■ JOSEPH R. MARMORATO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [640 NYS2d 97] —Order, Supreme Court, Kings County (Melvin Barasch, J.), entered on or about February 27, 1995, which, in an action to recover under the theft provision of an automobile insurance policy, insofar as appealed from, denied defendant's motion for summary judgment on condition that plaintiff appear at a second examination under oath and answer all the questions he refused to answer at the first examination under oath, unanimously affirmed, without costs.

While it is clear that plaintiff's refusal, upon advice of counsel, to answer certain of the questions put to him at the examination under oath was a breach of his contractual obligation to cooperate with defendant's investigation (*see, Evans v International Ins. Co.*, 168 AD2d 374), and that circumstances of the claim appear suspicious, we agree with the IAS Court that the noncompliance was not so willful or extreme as to warrant dismissal of the action without giving plaintiff one last chance to answer the questions (*see, Yerushalmi v Hartford Acc. & Indem. Co.*, 158 AD2d 407). Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.