■ JAMES & CHARLES DIMINO WHOLESALE SEAFOOD, INC., Respondent, v ROYAL INSURANCE COMPANY, Appellant. [656 NYS2d 325] —In an action to recover insurance proceeds under a comprehensive business liability insurance policy, the defendant appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated April 16, 1996, as denied its motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant contends that the Supreme Court erred in denying its motion to dismiss the action because its insured breached the terms of the policy by failing to fully cooperate in the investigation of its claim. We disagree. In order to prevail upon a defense of noncooperation, an insurance carrier must show that its insured has "engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (*Avarello v State Farm Fire & Cas. Co.,* 208 AD2d 483; *see also, Yerushalmi v Hartford Acc. & Indem. Co.,* 158 AD2d 407). Here, the record demonstrates that prior to the commencement of this suit, the plaintiff afforded the defendant access to its corporate books and records, and that its president appeared for an examination under oath at which he answered all questions posed by the defendant carrier, and produced a number of documents including personal income tax returns and an authorization permitting additional returns to be obtained from the Internal Revenue Service. Moreover, although some of the defendant's demands for documents and information were still outstanding at the time the plaintiff commenced suit, the plaintiff complied with the outstanding requests, and

executed transcripts of the examinations under oath approximately four months later. Under these circumstances, the Supreme Court properly concluded that the plaintiff's noncompliance was not so willful or extreme as to warrant the extreme penalty of dismissal of the action (see, Marmorato v Allstate Ins. Co., 226 AD2d 156; R & L Realty Dev. v New York Cent. Mut. Fire Ins. Co., 219 AD2d 702; Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn., 73 AD2d 605). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.