■ JEROME WEISSBERG et al., Respondents, v ROYAL INSURANCE Co. et al., Appellants. [659 NYS2d 505] —In an action, *inter alia*, for a judgment declaring that the defendant Royal Insurance Co. is required to indemnify the plaintiffs for a fire loss under the terms of a homeowner's insurance policy issued by it, (1) the defendant Sammis, Smith & Brush, Inc. appeals from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 6, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Royal Insurance Co. appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it and the cross claims against it.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, the motion of the defendant Sammis, Smith & Brush, Inc. for summary judgment dismissing the complaint insofar as asserted against it is granted, and the motion of the defendant Royal Insurance Co. for summary judgment dismissing the complaint insofar as asserted against it and the cross claims against it is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Royal Insurance Co. is not obligated to indemnify the plaintiffs for their fire loss.

During the early morning hours of February 6, 1994, the plaintiffs' house in Dix Hills, New York, was destroyed by fire. At the time of the fire, the plaintiffs' home was insured against fire loss by the defendant Royal Insurance Co. (hereinafter Royal). Following an investigation, Royal disclaimed coverage on several grounds, including the plaintiffs' alleged failure to cooperate in the investigation of the loss by producing records relating to their financial status at the time of the fire, and their refusal to permit their son, an insured under the terms of the policy, to be examined under oath. The plaintiffs thereafter commenced this action seeking, *inter alia*, a declaration that Royal was required to indemnify them for their loss.

On appeal, Royal contends that the Supreme Court erred in denying that branch of its motion which was for summary judgment because the plaintiffs breached the policy by failing to fully cooperate in its investigation into the fire. We agree. The purpose of a cooperation clause in a fire insurance policy

is to " 'enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims' " (*2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 142 AD2d 124, 130, quoting *Hudson Tire Mart v Aetna Cas. & Sur. Co.*, 518 F2d 671, 674; *see also, Davis v Allstate Ins. Co.*, 204 AD2d 592). Thus, the insureds' willful failure to provide material and relevant documents, or to submit to an examination under oath, is a material breach of the policy which bars recovery under the policy (*see, Yerushalmi v Hartford Acc. & Indem. Co.*, 158 AD2d 407; *Averbuch v Home Ins. Co.*, 114 AD2d 827). The plaintiffs, who had filed for bankruptcy and were on the verge of losing their home at a foreclosure sale on the date of the fire, refused to provide Royal with certain personal and corporate tax returns which the carrier had requested due to the suspicious nature of the fire. Moreover, although the plaintiffs' son, a college student who resided at the insured premises, was home several hours before the fire broke out, the plaintiffs refused to produce him for an examination under oath, or to respond to an interrogatory seeking his current address. Under these circumstances, Royal's motion for summary judgment should have been granted (*see, Scher v Republic Ins. Co.*, 226 AD2d 521; *Davis v Allstate Ins. Co., supra; Johnson v Allstate Ins. Co.*, 197 AD2d 672; *Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487).

In light of our conclusion that the plaintiffs are precluded from recovering insurance proceeds due to their breach of the cooperation clause, summary judgment must also be awarded to the defendant broker Sammis, Smith & Brush, Inc., since its alleged negligence in procuring the subject policy is not the proximate cause of the plaintiffs' inability to recover on the policy.

The parties' remaining contentions are either without merit or need not be reached in view of the above determination. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.