■ HOWARD RUDOLPH et al., Respondents, v FEDERAL INSURANCE COMPANY, Appellant. [695 NYS2d 302] —In an action, inter alia, to recover the proceeds of a policy of insurance, the defen-

dant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Nassau County (McCarty, J.), entered June 30, 1998, as granted that branch of its motion to dismiss the first cause of action only to the extent of dismissing that cause of action unless the plaintiff Barbara Rudolph submitted to an examination under oath within 45 days, and (2) an order of the same court, dated October 22, 1998, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered June 30, 1998, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 22, 1998, made upon reargument; and it is further,

Ordered that the order dated October 22, 1998 is affirmed insofar as appealed from, without costs or disbursements.

In light of the documents furnished to the defendant carrier, Federal Insurance Company, as well as the testimony given by the insured, the plaintiff Howard Rudolph, it was not improper for the Supreme Court to accord Mr. Rudolph's wife, the plaintiff Barbara Rudolph, one last chance to appear for an examination under oath rather than dismiss the first cause of action (*see, Dimino Wholesale Seafood v Royal Ins. Co.,* 238 AD2d 379; *Marmorato v Allstate Ins. Co.,* 226 AD2d 156; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). Mr. Rudolph substantially complied with his duty of cooperation in connection with his own examination under oath (*see, High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465, 466). Accordingly, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the first cause of action based on his alleged noncooperation.

The defendant's remaining contention is without merit. Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.