■ PETER MISTRETTA, Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant. [712 NYS2d 167] —In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 19, 1999, as, upon reargument, adhered to a prior order of the same court dated March 8, 1999, denying its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant moved for summary judgment on the grounds that the plaintiff's willful refusal to answer questions or produce his tax returns constituted a breach of the cooperation clause of the subject policy and that his material misrepresentations constituted a breach of the concealment of fraud clause of the subject policy. The Supreme Court properly denied the branch of the motion based on breach of the cooperation clause. The Supreme Court afforded the plaintiff an opportunity to comply with the defendant's information and document

demands, and he did so. His noncooperation was not so willful or extreme as to warrant the extreme penalty of unconditional dismissal (*see, Marmorato v Allstate Ins. Co.*, 226 AD2d 156; *R & L Realty Dev. v New York Cent. Mut. Fire Ins. Co.*, 219 AD2d 702; *DePicciotto Corp. v Wallis*, 177 AD2d 327; *Yerushalmi v Hartford Acc. & Indem. Co.*, 158 AD2d 407; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605).

The Supreme Court properly denied the branch of the defendant's motion based on breach of the concealment of fraud clause of the subject policy, since triable issues of fact exist as to that issue (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325; *Zuckerman v City of New York*, 49 NY2d 557, 562; *Eagle Tenants Corp. v Fishbein*, 182 AD2d 610). Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.