OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
An insured’s failure to comply with the cooperation clause of an insurance policy, requiring the insured to submit to an examination under oath and to provide information requested by the insurer in connection with the insurer’s investigation of a claim, constitutes a material breach of the policy precluding recovery thereunder (see, Weissberg v Royal Ins. Co., 240 AD2d 733; Johnson v Allstate Ins. Co., 197 AD2d 672; Argento v Aetna Cas. & Sur. Co., 184 AD2d 487). However, in order to prevail upon its defense of noncompliance with the cooperation clause, defendant was required to show, by the tender of evidentiary proof in admissible form (see, Zuckerman v City of New York, 49 NY2d 557, 562), that plaintiff, the insured, engaged in a pattern of willful noncooperation with defendant’s requests for information without explanation or excuse (see, Dimino Wholesale Seafood v Royal Ins. Co., 238 AD2d 379).
The record on appeal indicates that the plaintiff submitted to an examination under oath conducted by the defendant and answered all the questions posed to her. In addition, the plaintiff submitted proof of loss and a police report with her claim under her homeowner’s policy in connection with vandalism which allegedly occurred at her house. However, plaintiff initially refused to provide the defendant with certain documents it requested, including telephone records and income tax returns, which she felt were irrelevant to her claim. Once plaintiff learned the reason that defendant requested this information, after its denial of her claim, she offered to provide these documents, but defendant refused them.
Defendant was required to make a prima facie showing of entitlement to judgment as a matter of law as the proponent of this motion for summary judgment and, under the circumstances presented, failed to do so. The question of whether the plaintiff cooperated in compliance with the subject policy is a triable issue of fact. We note that plaintiff sufficiently set forth causes of action under General Business Law § 349 and therefore the court properly denied defendant’s cross motion to dismiss same.
Floyd, P. J., Colabella and Coppola, JJ., concur.