██ ERIE INSURANCE COMPANY, Appellant, v JMM PROPERTIES, LLC, Respondent. [888 NYS2d 642]—

Peters, J.P. Appeal from an order of the Supreme Court (Garry, J.), entered September 12, 2008 in Madison County, which conditionally granted plaintiff's motion for summary judgment.

Defendant, a limited liability company, owned a premises in the City of Oneida, Madison County that was insured by a commercial insurance policy issued by plaintiff. In November 2006, the premises was damaged by a fire. At the time of the fire, Michael Orr, Michael Froncek and Jeffrey Truman were the sole members of defendant.

After defendant submitted a claim to recover insurance proceeds, plaintiff investigated the fire, including conducting a recorded interview with Truman on December 7, 2006. The following day, plaintiff wrote to Orr, Froncek and Truman requesting that they furnish a variety of documentation and demanding that Truman and Orr appear for an examination under oath (hereinafter EUO). Over the course of the next few months, the EUOs were postponed on several occasions due to the conflicting schedules of counsel. During this time, criminal charges were brought against Truman in connection with the fire. Although the EUOs were ultimately scheduled to take place in March 2007, Truman's criminal attorney advised plaintiff that Truman would not be available for examination until the conclusion of the criminal action. As a result, plaintiff cancelled the EUOs, advised defendant that Truman's refusal to submit to an EUO could result in the denial of its claim, and sent a letter to Truman's criminal attorney requesting Truman's availability.

The following month, plaintiff informed both defendant and Truman's criminal attorney that it was prepared to hold EUOs of Truman and Orr at a specified location on May 16, 2007. In response, Truman's criminal attorney confirmed Truman's attendance and defendant advised plaintiff that Orr and Truman would be attending the examinations on the scheduled date. Two days before that date, plaintiff advised defendant's counsel, with no notice to Truman or his criminal attorney, that the EUOs would be conducted in a different location. When Truman did not appear, plaintiff refused to conduct the EUO of Orr

in Truman's absence.* After continued efforts by both counsel for plaintiff and defendant to produce Truman failed, plaintiff denied defendant's claim on the ground that, among other things, Truman failed to appear for an EUO or answer any questions relating to the fire.

Plaintiff then commenced this action seeking a declaration that its denial was proper and that there was no coverage for the loss under the insurance policy due to defendant's breach of the cooperation clause. Supreme Court granted the motion unless, within 30 days of service of the order, defendant made Truman, Orr and Froncek available for an EUO. Plaintiff's motion for a stay pending resolution of this appeal was granted by Supreme Court.

Upon appeal, plaintiff argues that since defendant willfully violated the cooperation clause of the insurance policy, Supreme Court erred in providing defendant with a final opportunity to comply. "The purpose of a cooperation clause in a fire insurance policy is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims" (*Weissberg v Royal Ins. Co.*, 240 AD2d 733, 733-734 [1997] [internal quotation marks and citations omitted]; *see Ashline v Genesee Patrons Coop. Ins. Co.*, 224 AD2d 847, 849 [1996]; *Davis v Allstate Ins. Co.*, 204 AD2d 592, 594 [1994]). Willful failure of an insured to submit to an examination under oath may amount to a material breach of the insurance contract which would bar recovery under the policy (*see Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 767 [2000]; *Baerga v Transtate Ins. Co.*, 213 AD2d 217, 217 [1995]). An insurer's burden of proving lack of cooperation, however, is a "heavy one" (*Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *see Matter of St. Paul Travelers Ins. Co. [Kreibich-D'Angelo]*, 48 AD3d 1009, 1010 [2008]; *Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d at 767) and requires a showing that "the insured's attitude was one of willful and avowed obstruction involving a pattern of noncooperation for which no reasonable excuse [is] offered" (*Turkow v Erie Ins. Co.*, 20 AD3d 649, 651 [2005] [internal quotation marks and citations omitted]; *see Matter of New York Cent. Mut. Fire Ins. Co. [Bradfield]*, 61 AD3d 1139, 1141 [2009]).

Supreme Court properly found that Truman's refusal to submit to an EUO was a breach of the insurance policy (*see Marmorato v Allstate Ins. Co.*, 226 AD2d 156 [1996]; *Baerga v Transtate Ins. Co.*, 213 AD2d at 217), and the fact that criminal

---

* It appears that Truman presented himself at the first scheduled location.

proceedings were pending against him in connection with the fire did not provide him with a valid excuse for noncompliance (*see 2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 142 AD2d 124, 131, 133 [1988], *lv denied* 74 NY2d 607 [1989]; *Azeem v Colonial Assur. Co.*, 96 AD2d 123, 124 [1983], *affd* 62 NY2d 951 [1984]; *Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d 471, 476 [1981], *appeal dismissed* 54 NY2d 1027 [1981]). In assessing whether defendant's noncompliance was so willful as to justify excusing plaintiff from liability, however, our inquiry is focused on the totality of the conduct of defendant's principals, since business entities such as defendant "necessarily cooperate or fail to do so because of the actions of their agents . . . [and i]t is only through them that the [entities] may assist in the investigation" (*Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d at 475; *see e.g. Rudolph v Federal Ins. Co.*, 264 AD2d 724, 725). We agree with Supreme Court's conclusion that defendant's noncompliance was not so willful as to warrant the "extreme penalty" of excusing plaintiff from liability without giving defendant one last chance to perform in accordance with the policy's provisions (*Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605, 606 [1979]; *see Rudolph v Federal Ins. Co.*, 264 AD2d at 725; *Marmorato v Allstate Ins. Co.*, 226 AD2d at 156; *R & L Realty Dev. v New York Cent. Mut. Fire Ins. Co.*, 219 AD2d 702, 703 [1995]; *Yerushalmi v Hartford Acc. & Indem. Co.*, 158 AD2d 407 [1990]).

Here, defendant initially made all three of its principals available to plaintiff for EUOs and Truman submitted to a recorded interview with plaintiff's investigator shortly after the fire. All of the documentation demanded by plaintiff was provided, as were sworn proof of loss statements. Although Truman's criminal attorney refused to make him available following his arraignment, there is evidence that Truman did in fact appear for his May 2007 EUO at the location originally designated by plaintiff. Moreover, the record reflects that defendant continuously attempted to secure Truman's attendance for an EUO and repeatedly offered the unrestricted cooperation of Orr and Froncek, an offer which plaintiff consistently refused (*compare Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d at 473-475). To that end, any prejudice plaintiff may have sustained as a result of the delay in the investigation is due, at least in part, to its own conduct in refusing to examine Orr and Froncek prior to conducting an EUO of Truman. Had plaintiff proceeded with the EUO of Orr, who was allegedly with Truman on the day of the fire, material and relevant information pertinent to its investigation may have been adduced. Thus, under the specific facts of this case, it was not improper for Supreme Court to

grant summary judgment to plaintiff on a conditional basis (*see Rudolph v Federal Ins. Co.*, 264 AD2d at 725; *Marmorato v Allstate Ins. Co.*, 226 AD2d at 156; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d at 606).

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.