■ ANTHONY ARGENTO, Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—In an action to recover moneys under an insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), entered May 22, 1990, which granted the defendant's motion for summary judgment dismissing his complaint.

Ordered that the order is affirmed, with costs.

The failure to comply with the provision of an insurance

policy requiring the insured to submit to an examination under oath and provide other relevant information is a material breach of the policy, precluding recovery of the policy proceeds *(see, Pizzirusso v Allstate Ins. Co.,* 143 AD2d 340; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 142 AD2d 124; *Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). In this case, the plaintiff's failure to complete his examination under oath and to produce other requested documents constituted a failure to comply with his obligations under the insurance policy. Further, based upon this record, it cannot be said that the plaintiff's attempt to comply has fallen short "through some 'technical or unimportant omissions or defects' " *(Bulzomi v New York Cent. Mut. Fire Ins. Co., supra,* at 878, quoting *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 836). Rather, the record is indicative of a pattern of noncooperation for which no reasonable excuse has been offered such that the complaint was properly dismissed unconditionally *(see, Cabe v Aetna Cas. & Sur. Co.,* 153 AD2d 653; *Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953; *Azeem v Colonial Assur. Co.,* 96 AD2d 123, *affd* 62 NY2d 951). In this respect, an insurance company is entitled to obtain information promptly while the information is still fresh to enable it to decide upon its obligations and protect against false claims. To permit the plaintiff to give the information more than three years after the fire would have been a material dilution of the insurance company's rights *(see, Williams v American Home Assur. Co., supra).*

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.