■ DENNIS R. JOHNSON, Respondent, v ALLSTATE INSURANCE Co. et al., Appellants. [602 NYS2d 876] —In an action, inter alia, to recover on a policy of homeowners' insurance, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated June 18, 1991, which denied their separate motions for summary judgment dismissing the complaint against them, without prejudice to renewal in the event that the plaintiff failed to submit to an examination under oath within 30 days.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

It is well settled that an insured's failure to comply with the provision of an insurance policy requiring him to submit to an examination under oath and to supply other relevant information constitutes a material breach of the policy and precludes recovery thereunder (see, Argento v Aetna Cas. & Sur. Co., 184 AD2d 487; Maurice v Allstate Ins. Co., 173 AD2d 793). The record demonstrates that the instant plaintiff engaged in a pattern of willful noncooperation in the investigation of his burglary claim, as evidenced by his refusal to answer numerous relevant questions during his examination under oath, his improper and premature termination of the examination despite repeated warnings, and his rejection of all subsequent attempts by the insurer to conduct a further examination and to obtain relevant documents (see, e.g., Argento v Aetna Cas. & Sur. Co., supra; Pizzirusso v Allstate Ins. Co., 143 AD2d 340; Averbuch v Home Ins. Co., 114 AD2d 827). Furthermore, the plaintiff's breach of the policy was not cured by his belated expression of a willingness to cooperate which was made more than two years after the loss and only in response to the insurer's motion for summary judgment (see, e.g., Argento v Aetna Cas. & Sur. Co., supra; Evans v International Ins. Co., 168 AD2d 374; Azeem v Colonial Assur. Co., 96 AD2d 123, affd 62 NY2d 951). Under these circumstances, we find that the complaint should be dismissed.

We have considered the plaintiff's remaining contentions

and find them to be without merit. Bracken, J. P., Sullivan, Eiber and O'Brien, JJ., concur.