■ LUCIANO MANISCALCO, Appellant, v LIRO ENGINEERING CONSTRUCTION MANAGEMENT, P.C., Respondent, and VAN TAG

CONSTRUCTION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. LAFATA-CORALLO PLUMBING & HEATING, INC., Third-Party Defendant-Respondent. [759 NYS2d 163] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated September 4, 2001, as granted that branch of the motion of the defendant third-party plaintiff, Van Tag Construction, which was for summary judgment dismissing the complaint insofar as asserted against it, denied his cross motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendant Liro Engineering Construction Management, P.C., and, in effect, searched the record and granted summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion, and (2) deleting the provision which, in effect, searched the record and granted summary judgment dismissing the complaint insofar as asserted against the defendant Liro Engineering Construction Management, P.C.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by Liro Engineering Construction Management, P.C.

The plaintiff, an employee of the third-party defendant, Lafata-Corallo Plumbing & Heating, Inc. (hereinafter Lafata-Corallo), was injured when a ladder upon which he was standing suddenly collapsed, causing him to fall. At the time of the accident the plaintiff was inspecting a water pipe which was being installed as part of the renovation of the Bronx House of Detention, a facility owned by the City of New York. The City contracted to hire the defendant Liro Engineering Construction Management, P.C. (hereinafter Liro) as the construction manager for the project. In turn, Liro contracted with, among others, the third-party defendant Lafata-Corallo to perform the plumbing work for the project and the defendant third-party plaintiff Van Tag Construction (hereinafter Van Tag) to perform the masonry work. The plaintiff commenced this action to recover damages for personal injuries against the defendants for alleged violations of Labor Law §§ 200, 240, and 241 as well as common-law negligence. The Supreme Court dismissed the complaint insofar as asserted against these defendants, finding that neither Van Tag nor Liro exercised the requisite supervision or control over the plaintiff's work to warrant liability and that the plaintiff failed to establish that Van Tag supplied the defective ladder to him.

A general contractor and a statutory agent of the owner are strictly liable under Labor Law § 240 (1) for a construction worker's injuries which are proximately caused by a dereliction of duty (*see* Labor Law § 240 [1]; *Stevenson v Alfredo,* 277 AD2d 218 [2000]; *Russin v Picciano & Son,* 54 NY2d 311 [1981]; *Zgoba v Easy Shopping Corp.,* 246 AD2d 539 [1998]). On his cross motion for summary judgment against Liro on the issue of liability pursuant to Labor Law § 240 (1), the plaintiff demonstrated that Liro had the responsibility to coordinate and the authority to supervise all aspects of the renovation project. Liro was, thus, an "agent" of the owner within the meaning of Labor Law § 240 (1) and a "contractor" with nondelegable duties under that statute (*see* Labor Law § 240 [1]; *Kenny v Fuller Co.,* 87 AD2d 183 [1982]; *Stevenson v Alfredo, supra*). Since Liro failed to raise a triable issue of fact in response, the Supreme Court should have granted the plaintiff's cross motion. However, the plaintiff's contentions regarding his Labor Law § 241 (6) claim, which are raised for the first time on appeal, are not properly before this Court (*see Mancini v Pedra Constr.,* 293 AD2d 453 [2002]; *Charles v City of New York,* 227 AD2d 429 [1996]).

The Supreme Court properly granted Van Tag's motion for summary judgment dismissing the complaint insofar as asserted against it. Van Tag established its prima facie entitlement to summary judgment by presenting competent evidence that it neither supervised nor controlled the plaintiff's work, nor provided the plaintiff with the defective ladder which caused his injuries (*see Giambalvo v Chemical Bank,* 260 AD2d 432 [1999]; *Jassal v Long Is. Mdse. Mart,* 244 AD2d 460 [1997]). In opposition, the plaintiff submitted evidence that he was told by other Lafata-Corallo employees that the ladder was owned by Van Tag. Hearsay statements are admissible and may be sufficient to defeat a summary judgment motion "[w]here a party submits affidavits which identify the witnesses, the substance of their testimony, how it is known what that testimony would be and how the witnesses acquired their knowledge * * * provided an acceptable excuse for the failure to tender evidence in admissible form is supplied" (*Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000, 1002 [1992]; *see Egleston v Kalamarides,* 58 NY2d 682 [1982]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Here, the plaintiff offered no excuse for his failure to submit evidence in admissible form and the hearsay statements of his witnesses were therefore insufficient to rebut the prima facie showing of Van Tag. Ritter, J.P., Goldstein, Townes and Cozier, JJ., concur.