In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v VENIAMIN RAFAILOVA et al., Appellants. [840 NYS2d 358]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a demand for uninsured motorist benefits, Veniamin Rafailov, Sara Rafailova, and Alena Rafailova appeal from (1) an order of the Supreme Court, Queens County (Rios, J.), entered March 1, 2006, which granted that branch of the motion of New York Central Mutual Fire Insurance Company which was, in effect, to permanently stay the

arbitration of Sara Rafailova and Alena Rafailova, and (2) an order of the same court entered May 2, 2006, which denied their motion, in effect, for leave to reargue.

Ordered that the appeal by Veniamin Rafailov is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal from the order entered May 2, 2006 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 1, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

An insurer may obtain a permanent stay of arbitration where it demonstrates that the claimant violated a condition precedent to coverage (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1 [1980]; *Matter of 3202 Owners Corp. [Billy Contrs., Inc.]*, 25 AD3d 715 [2006]; *Matter of Travelers Ins. Co. [Magyar]*, 217 AD2d 954 [1995]). The insurer's motion, inter alia, "for an Order dismissing the demands for arbitration" was, in effect, an application to permanently stay arbitration on the ground that the claimants failed to comply with the cooperation clause of the automobile insurance policy, which required them, among other things, to submit to reasonable depositions and medical examinations, and to authorize the insurer to obtain medical records.

An unexcused and willful refusal to comply with disclosure requirements in an insurance policy is a material breach of the cooperation clause and precludes recovery on a claim (*see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835, 837 [1981]; *Baerga v Transtate Ins. Co.*, 213 AD2d 217 [1995]; *2423 Mermaid Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 142 AD2d 124, 130-132 [1988]; *Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 50 [1987]). Compliance with such a clause is a condition precedent to coverage, properly addressed by the court (*see Matter of County of Rockland [Primiano Constr. Co.]*, supra; compare *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]).

In order to establish breach of a cooperation clause, the insurer must show that the insured "engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (*James & Charles Dimino Wholesale Seafood v Royal Ins. Co.*, 238 AD2d 379, 379 [1997], quoting *Avarello v State Farm Fire & Cas. Co.*, 208 AD2d 483, 483 [1994]). An insured's duty to co-

operate is satisfied by substantial compliance, and where a delay in compliance is neither lengthy nor willful, and is accompanied by a satisfactory explanation, preclusion of a claim is inappropriate (*see V.M.V. Mgt. Co., Inc. v Peerless Ins.*, 15 AD3d 647 [2005]; *Avarello v State Farm Fire & Cas. Co.*, 208 AD2d 483 [1994]).

Here, the appellants repeatedly failed to comply with disclosure demands, even after a prior court order, and subsequent notification of their noncompliance. Moreover, they failed to offer a satisfactory explanation for their untimely and inadequate submissions. As the appellants engaged in an unreasonable and willful pattern of refusing to supply material and relevant documents (*see James & Charles Dimino Wholesale Seafood v Royal Ins. Co., supra*), the order permanently staying arbitration was appropriate.

The appellants' motion, denominated as one for "renewal and/or reargument," was not based on new facts which were unavailable at the time of the original motion. Moreover, the appellants failed to offer a valid excuse for their failure to present this evidence earlier. Therefore, the motion was, in effect, one for leave to reargue, the denial of which is not appealable (*see Eight In One Pet Prods. v Janco Press, Inc.*, 37 AD3d 402 [2007]; *Rivera v Toruno*, 19 AD3d 473 [2005]; *Koehler v Town of Smithtown*, 305 AD2d 550 [2003]). Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.