■ IDS PROPERTY CASUALTY INSURANCE COMPANY, Appellant, v STRACAR MEDICAL SERVICES, P.C., et al., Respondents, et al., Defendants. [985 NYS2d 116]—

In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance benefits, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 28, 2012, as, upon renewal of that branch of its prior motion which

was for summary judgment, in effect, declaring that it is not obligated to pay the subject no-fault insurance benefits to the defendants Stracar Medical Services, P.C., Sweetwater Chiropractic, P.C., and Urban Well Acupuncture, P.C., adjourned the matter and directed that those defendants appear and testify at an examination under oath, at a date, time, and place mutually agreed upon by the parties.

Ordered that the order is reversed insofar as appealed from, on the law, upon renewal, the determination in an order of the same court dated December 8, 2010, denying that branch of the plaintiff's motion which was for summary judgment, in effect, declaring that it is not obligated to pay the subject no-fault claims to the defendants Stracar Medical Services, P.C., Sweetwater Chiropractic, P.C., and Urban Well Acupuncture, P.C., is vacated, that branch of the plaintiff's motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment, inter alia, declaring that the plaintiff is not obligated to pay the subject no-fault claims to the defendants Stracar Medical Services, P.C., Sweetwater Chiropractic, P.C., and Urban Well Acupuncture, P.C.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The instant action arises out of an automobile accident that occurred on January 18, 2009, involving a vehicle insured by the plaintiff. The vehicle's owner and driver, as well as the three passengers allegedly in the vehicle at the time of the accident, assigned their no-fault insurance benefits to certain medical providers, who are the defendants in this action. The plaintiff moved for summary judgment, in effect, declaring that it is not obligated to pay these no-fault benefits to the defendants Stracar Medical Services, P.C., Sweetwater Chiropractic, P.C., and Urban Well Acupuncture, P.C. (hereinafter collectively the assignees). The plaintiff argued that it was entitled to summary judgment because the assignees failed to appear at an examination under oath, as required by the subject insurance policies and, thus, they breached a condition precedent to coverage under the policies and were not entitled to recover their patients' no-fault benefits. In an order dated December 8, 2010, the Supreme Court denied that branch of the plaintiff's motion which was for summary judgment, in effect, declaring that it is not obligated to pay no-fault benefits to the assignees.

The plaintiff moved for leave to renew the subject branch of its motion. In an order dated September 28, 2012, the Supreme Court granted renewal, but thereupon adjourned the matter and directed the assignees to appear and testify at an examina-

tion under oath. The Supreme Court determined that the assignees "shall be given a final opportunity to appear for the [examination under oath] sought by plaintiff." The plaintiff appeals.

Upon renewal, the Supreme Court erred in adjourning the matter and giving the assignees another chance to appear at an examination under oath. "It is well established that the failure to comply with the standard policy provision requiring disclosure by way of submission to an examination under oath, as often as may be reasonably required, as a condition precedent to performance of the promise to indemnify, constitutes a material breach" of the policy, precluding recovery of the policy proceeds (*Bulzomi v New York Cent. Mut. Fire Ins. Co.*, 92 AD2d 878, 878 [1983]; *see Interboro Ins. Co. v Clennon*, 113 AD3d 596 [2014]; *Argento v Aetna Cas. & Sur. Co.*, 184 AD2d 487, 487-488 [1992]). In support of that branch of its motion which was for summary judgment, the plaintiff, upon renewal, submitted evidence establishing "that it twice duly demanded an examination under oath" from the assignees, that the assignees twice failed to appear, and that the plaintiff "issued a timely denial of the claims" arising from the assignees' provision of medical services to the assignors (*Interboro Ins. Co. v Clennon*, 113 AD3d at 597). Based upon the foregoing, the plaintiff established its prima facie entitlement to judgment as a matter of law (*see id.*; *Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721 [2006]).

In opposition to the plaintiff's prima facie showing, the assignees failed to submit evidence of a reasonable excuse for their noncompliance with the demands for examinations under oath, or of partial performance on their part (*see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d 835, 836 [1981]; *Bulzomi v New York Cent. Mut. Fire Ins. Co.*, 92 AD2d at 878-879). The assignees also failed to raise a triable issue of fact as to the reasonableness or propriety of the demands for the examinations under oath (*see Interboro Ins. Co. v Clennon*, 113 AD3d at 597). Moreover, "the [assignees'] breach of the policy was not cured by [their] belated expression of a willingness to cooperate which was made more than two years after the loss and only in response to the insurer's motion for summary judgment" (*Johnson v Allstate Ins. Co.*, 197 AD2d 672, 672 [1993]; *see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d at 836; *Azeem v Colonial Assur. Co.*, 96 AD2d 123, 125 [1983], *affd* 62 NY2d 951 [1984]). "[A]n insurance company is entitled to obtain information promptly while the information is still fresh to enable it to

decide upon its obligations and protect against false claims. To permit [the defendants] to give the information more than [two] years after the [loss] would have been a material dilution of the insurance company's rights" (*Argento v Aetna Cas. & Sur. Co.*, 184 AD2d at 488).

In view of the assignees' unexcused and willful failure to comply with the demands for examinations under oath, and the lack of evidence of partial performance, the Supreme Court, upon renewal, should have unconditionally awarded summary judgment to the plaintiff (*see Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 53 NY2d at 837; *Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov*, 41 AD3d 603, 604-605 [2007]; *Bulzomi v New York Cent. Mut. Fire Ins. Co.*, 92 AD2d at 878-879; *Argento v Aetna Cas. & Sur. Co.*, 184 AD2d at 488; *cf. V.M.V. Mgt. Co., Inc. v Peerless Ins.*, 15 AD3d 647 [2005]; *Avarello v State Farm Fire & Cas. Co.*, 208 AD2d 483 [1994]).

In light of our determination, we need not reach the plaintiff's remaining contention.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to pay the subject no-fault benefits to the assignees (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.