This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 143  SSM 29
Henry T. Lau,
          Appellant,
        v.
Margaret E. Pescatore Parking,
Inc. et al.,
          Respondents.


          Submitted by Kenneth J. Gorman, for appellant.
          Submitted by James J. Toomey, Jr., for respondent Margaret E. Pescatore Parking, Inc.
          Submitted by Debra J. Millman, for respondent Tai Ming Development Corp.


          Decided November 21, 2017:  On review of submissions pursuant to section 500.11 of the Rules, order, insofar as appealed from, as limited by plaintiff's letter submission on the appeal (see section 500.11[f]), reversed, with costs to plaintiff against defendant Margaret E. Pescatore Parking, Inc., and motion for summary judgment of defendant Margaret E. Pescatore Parking, Inc. denied. On this record, triable issues of fact preclude summary judgment in favor of defendant Margaret E. Pescatore Parking, Inc. Judges Rivera, Stein, Fahey and Wilson concur.  Judge Garcia dissents and votes to affirm, insofar as appealed from, in a memorandum, in which Chief Judge DiFiore and Judge Feinman concur.

GARCIA, J. (dissenting):

Plaintiff in this action tripped over a cord tied to a barrel in a parking lot and fell, injuring his leg. Supreme Court, upon review of the voluminous record, including numerous depositions, granted summary judgment in defendants' favor and dismissed the complaint. Supreme Court concluded that defendants had made a prima facie case for summary judgment and that plaintiff had failed to raise an issue of fact as to liability. As relevant here, Supreme Court found that while plaintiff had raised an issue of fact as to ownership of the barrel, plaintiff failed to present any evidence that defendant Pescatore created or had notice of the defect. Supreme Court determined that the only evidence that Pescatore had created or had notice of the defect was circumstantial and that such evidence was insufficient to defeat Pescatore's summary judgment motion (see Lau v Margaret E. Pescatore Parking, Inc., 2014 WL 10679750 [Dec. 26, 2014] ["Regardless of whether Defendant Pescatore owns the barrels in question, there is no evidence or issue of fact as to who created the defective condition outside of pure speculation"]).

The Appellate Division affirmed, holding that defendants had "established their entitlement to judgment as a matter of law" and that plaintiff "failed to raise a triable issue of fact." We granted leave to appeal.

In reviewing a summary judgment motion, the court must

consider the facts "in a light most favorable to the nonmoving party," (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 105 [2006]), and examine whether the proponent has made "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York University Med. Ctr., 64 NY2d 851, 853 [1985]).  Once the moving party has done so, the nonmoving party must "show facts sufficient to require a trial on any issue of fact" (CPLR 3212).  "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Both courts applied the proper legal standard in parsing the facts and circumstances of this case.  Supreme Court found that while plaintiff provided evidence sufficient to demonstrate a triable issue with respect to ownership of the barrel, "the issue of ownership is not, in itself, enough to raise an issue of fact as to Defendant Pescatore's liability, where Plaintiff failed to raise issues of fact as to whether Plaintiff created the defect or whether Plaintiff had notice of the defect."  I agree with that conclusion and accordingly would affirm.