Nationwide Affinity Ins. Co. of Am. v George (2020 NY Slip Op 02801)





Nationwide Affinity Ins. Co. of Am. v George


2020 NY Slip Op 02801


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-08494
 (Index No. 605673/16)

[*1]Nationwide Affinity Insurance Company of America, respondent, 
v
Iesha George, et al., defendants, Jamaica Wellness Medical, P.C., et al., appellants.


Kopelevich & Feldsherova, P.C., Brooklyn, NY (David Landfair of counsel), for appellants.
Hollander Legal Group, P.C. (Allan S. Hollander and Harris J. Zakarin, P.C., Melville, NY, of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance benefits, the defendants Jamaica Wellness Medical, P.C., LVOV Acupuncture, P.C., and United Wellness Chiropractic, P.C., appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered July 11, 2017. The order granted the plaintiff's motion for summary judgment, in effect, declaring that the plaintiff is not obligated to pay claims for no-fault insurance benefits submitted by the defendants Jamaica Wellness Medical, P.C., LVOV Acupuncture, P.C., and United Wellness Chiropractic, P.C., on behalf of the defendants Andy Williams, Amanda Nixon, and Shaquille Swan.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff is not obligated to pay claims for no-fault insurance benefits submitted by the defendants Jamaica Wellness Medical, P.C., LVOV Acupuncture, P.C., and United Wellness Chiropractic, P.C., on behalf of the defendants Andy Williams, Amanda Nixon, and Shaquille Swan.
The defendants Andy Williams, Amanda Nixon, and Shaquille Swan (hereinafter collectively the individual defendants) allegedly were injured in a motor vehicle accident and assigned their rights to recover for no-fault benefits under the vehicle owner's insurance policy to the defendants Jamaica Wellness Medical, P.C., LVOV Acupuncture, P.C., and United Wellness Chiropractic, P.C. (hereinafter collectively the medical provider defendants). The plaintiff commenced this action for a judgment declaring that it is not obligated to pay claims for no-fault insurance benefits submitted by the medical provider defendants on behalf of the individual defendants on the ground that the individual defendants failed to appear for two scheduled examinations under oath (hereinafter EUOs). The plaintiff moved for summary judgment, in effect, declaring that the plaintiff is not obligated to pay claims for no-fault insurance benefits submitted by the medical provider defendants on behalf of the individual defendants. The medical provider defendants opposed the motion. In an order entered July 11, 2017, the Supreme Court granted the plaintiff's motion. The medical provider defendants appeal.
" The failure to comply with the provision of an insurance policy requiring the insured to submit to an examination under oath . . . is a material breach of the policy, precluding recovery of the policy proceeds'" (Interboro Ins. Co. v Clennon, 113 AD3d 596, 597, quoting Argento v Aetna Cas. & Sur. Co., 184 AD2d 487, 487-488). An insurer may establish its prima facie entitlement to judgment as a matter of law based on the failure to submit to an EUO by establishing that the letters scheduling the EUOs were timely and properly mailed, that the insured failed to appear at two scheduled EUOs, and that the insurer issued a timely and proper denial of the claims (see IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d 1005, 1007; Interboro Ins. Co. v Clennon, 113 AD3d at 597).
Here, the plaintiff established, prima facie, that the letters scheduling the EUOs were timely and properly mailed by submitting an affidavit from an individual who had personal knowledge of the standard office practice for ensuring that the letters are properly addressed and mailed (see Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C., 139 AD3d 693, 694). In opposition, the medical provider defendants failed to raise a triable issue of fact because they did not submit any evidence that the letters were not properly mailed. The medical provider defendants' mere denial of receipt was insufficient to rebut a presumption that the letters were received (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830).
The plaintiff also established, prima facie, that the individual defendants failed to appear at two scheduled EUOs by submitting the affidavits of individuals with personal knowledge that the individual defendants failed to appear at the location of the EUOs on the dates they were scheduled (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 721). In opposition, the medical provider defendants failed to raise a triable issue of fact. They did not submit evidence to establish that the first EUO was mutually rescheduled (see DVS Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 138[A], 2012 NY Slip Op 51443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists]).
Additionally, the plaintiff established, prima facie, that it issued a timely and proper denial of the claims by demonstrating that the denials were sent within 30 days of the second scheduled EUO, through affidavits from individuals who had personal knowledge as to the standard office practice for ensuring that denials are properly addressed and mailed (see 11 NYCRR 65-3.5[b]; 65-3.8[a][1]; Progressive Cas. Ins. Co. v Metro Psychological Servs., P.C., 139 AD3d at 694). The affidavits submitted by the medical provider defendants in opposition failed to raise a triable issue of fact because they did not directly contradict the affidavits submitted by the plaintiff with regard to its standard office practices for addressing and mailing denial letters.
Furthermore, the medical provider defendants' contention that the plaintiff's motion for summary judgment should have been denied because the plaintiff failed to either pay or deny four of the medical provider defendants' bills is without merit because the bills were sent more than 45 days after service was rendered (see 11 NYCRR 65-1.1[d]).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment, in effect, declaring that the plaintiff is not obligated to pay claims for no-fault insurance benefits submitted by the medical provider defendants on behalf of the individual defendants. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of judgment, inter alia, declaring that the plaintiff is not obligated to pay claims for no-fault insurance benefits submitted by the medical provider defendants on behalf of the individual defendants (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court