Jahangir v Tri-State Consumer Ins. Co. (2020 NY Slip Op 08049)





Jahangir v Tri-State Consumer Ins. Co.


2020 NY Slip Op 08049


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-11366
 (Index No. 700248/17)

[*1]Mohiuddun Jahangir, et al., appellants, 
v
Tri-State Consumer Insurance Company, respondent.


Law Office of Mitchell J. Winn, PLLC, Garden City, NY, for appellants.
Kaufman Dolowich Voluck LLP, Woodbury, NY (Eric B. Stern and Andrew A. Lipkowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered July 31, 2018. The order granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment on the complaint and dismissing the defendant's counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
The plaintiffs are owners of real property located in Queens, which was insured under a homeowners insurance policy issued by the defendant. On February 26, 2016, a fire occurred at the property, and the plaintiffs submitted a claim to the defendant for coverage under the policy. The defendant disclaimed coverage for the personal property portion of the claim on the ground that the plaintiffs failed to adhere to the cooperation clause of the policy. The plaintiffs then commenced this action, alleging that the defendant breached the policy by failing to provide coverage for personal property. After the close of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint. The plaintiffs cross-moved for summary judgment on the complaint and dismissing the defendant's counterclaim. In an order entered July 31, 2018, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiffs' cross motion. The plaintiffs appeal.
"An unexcused and willful refusal to comply with disclosure requirements in an insurance policy is a material breach of the cooperation clause and precludes recovery on a claim. Compliance with such a clause is a condition precedent to coverage, properly addressed by the court" (Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d 603, 604 [citations omitted]). "In order to establish breach of a cooperation clause, the insurer must show that the insured engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (id. at 604 [internal quotation marks omitted]; see James & Charles Dimino Wholesale Seafood v Royal Ins. Co., 238 AD2d 379, 379; Avarello v State Farm [*2]Fire & Cas. Co., 208 AD2d 483).
Here, the defendant failed to eliminate all triable issues of fact as to whether the plaintiffs breached the cooperation clause of the policy. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint should have been denied regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiffs' remaining contention is without merit.
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court