Matter of State Farm Fire & Cas. Co. v Llera-Negron (2021 NY Slip Op 02165)





Matter of State Farm Fire & Cas. Co. v Llera-Negron


2021 NY Slip Op 02165


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-07454
 (Index No. 704876/18)

[*1]In the Matter of State Farm Fire and Casualty Company, respondent, 
v
Maryann Llera-Negron, et al., appellants.


Davidoff and Associates, Forest Hills, NY (Mark Peter Getzoni of counsel), for appellants.
Bruno, Gerbino, Soriano & Aitken, LLP, Melville, NY (Shaun M. Malone of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Maryann Llera-Negron and David A. Negron appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered May 14, 2019. The order granted the petitioner's motion for leave to reargue that branch of the petition which was to permanently stay the arbitration, which had been, in effect, denied in an order of the same court (Thomas D. Raffaele, J.) dated October 25, 2018, and, upon reargument, in effect, vacated so much of the order dated October 25, 2018, as, in effect, denied that branch of the petition which was to permanently stay the arbitration and thereupon granted that branch of the petition.
ORDERED that the order entered May 14, 2019, is affirmed, with costs.
An insurer may obtain a permanent stay of arbitration where it demonstrates that the claimant violated a condition precedent to coverage (see Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d 603, 604). "It is well established that the failure to comply with the standard policy provision requiring disclosure by way of submission to an examination under oath . . . as a condition precedent to performance of the promise to indemnify, constitutes a material breach of the policy, precluding recovery of the policy proceeds" (IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d 1005, 1007 [internal quotation marks omitted]; see Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755, 756).
Here, the petitioner submitted evidence establishing that it twice duly demanded an examination under oath from Maryann Llera-Negron and David A. Negron (hereinafter together the appellants), that the appellants twice failed to appear, and that the petitioner issued a timely denial of the claims based on the appellants' failure to comply. Based on the foregoing, the petitioner established that the appellants violated a condition precedent to coverage (see Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d at 757; IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d at 1007). In opposition, the appellants "failed to submit evidence of a reasonable excuse for their noncompliance with the demands for examinations under oath, or of partial performance on their part" (IDS Prop. Cas. Ins. Co. v Stracar Med. Servs., P.C., 116 AD3d at 1007; see Bulzomi v New York Cent. Mut. Fire Ins. Co., 92 AD2d 878, 878-879).
The appellants' remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court