Hand By Hand PT, P.C. v Titan Indem. Co. (2021 NY Slip Op 50644(U))

[*1]

Hand By Hand PT, P.C. v Titan Indem. Co.

2021 NY Slip Op 50644(U) [72 Misc 3d 131(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1383 K C

Hand By Hand PT, P.C., as Assignee of
Wanda Mocie, Appellant, 
against
Titan Indemnity Company, Respondent. 

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 9, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled
examinations under oath (EUOs).
In its motion, defendant established that initial and follow-up letters scheduling an EUO
were timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.,
50 AD3d 1123 [2008]); that plaintiff failed to appear on either date (see Stephen Fogel
Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]); and that the claims
were timely denied on that ground (see St. Vincent's Hosp. of Richmond, 50 AD3d
1123). As defendant established its prima facie entitlement to summary judgment (see
Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755 [2020]), and plaintiff failed to
raise a triable issue of fact in opposition to defendant's motion, the Civil Court properly granted
defendant's motion for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021