Citycare Chiropractic, P.C. v Repwest Ins. Co. (2022 NY Slip Op 50619(U))

[*1]

Citycare Chiropractic, P.C. v Repwest Ins. Co.

2022 NY Slip Op 50619(U) [75 Misc 3d 143(A)]

Decided on July 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2020-645 K C

Citycare Chiropractic, P.C., as Assignee of
Davon Simmons, Respondent, 
against
Repwest Insurance Company, Appellant. 

Bryan Cave, LLP (Jennifer M. Jordan of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Ira R.
Greenberg, J.), entered November 19, 2019. The order, insofar as appealed from, denied
defendant's motion for partial summary judgment dismissing the second and third causes of
action.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for partial summary judgment dismissing the second and third causes of
action is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion for partial
summary judgment dismissing the second and third causes of action on the ground that plaintiff's
assignor had failed to appear at duly scheduled independent medical examinations (IMEs).
In support of its motion, defendant submitted an affidavit by an employee of Empire Stat
Medical Review, P.C., which had been retained by defendant to schedule IMEs. This affidavit
demonstrated that the IME scheduling letters had been timely and properly mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant [*2]also demonstrated that the assignor had failed to appear for the duly
scheduled IMEs (see Stephen Fogel
Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Therefore,
defendant demonstrated, prima facie, that plaintiff had failed to comply with a condition
precedent to coverage (see id. at 722). Defendant's motion further demonstrated that
defendant had timely denied the claims on that ground (see St. Vincent's Hosp. of
Richmond, 50 AD3d 1123). Plaintiff failed to raise a triable issue of fact in opposition to
defendant's motion, as plaintiff's assignor's bald conclusory denial of receipt was insufficient to
rebut the presumption that the IME scheduling letters were received (see CIT Bank N.A. v Schiffman, 36
NY3d 550 [2021]; Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830 [1978]; Nationwide Affinity Ins. Co. of Am. v
George, 183 AD3d 755 [2020]; Tyorkin v Repwest Ins. Co., 73 Misc 3d 142[A], 2021 NY Slip Op
51208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Triangle R, Inc. v
Tri-State Consumer Ins. Co., 38 Misc 3d 143[A], 2013 NY Slip Op 50256[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, defendant was entitled to partial
summary judgment dismissing the second and third causes of action.
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for
partial summary judgment dismissing the second and third causes of action is granted.
WESTON, J.P., TOUSSAINT and BUGGS, JJ.,
concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date:
July 1, 2022