Avamed Supply Inc v GEICO (2024 NY Slip Op 50688(U))

[*1]

Avamed Supply Inc v GEICO

2024 NY Slip Op 50688(U)

Decided on June 10, 2024

Civil Court Of The City Of New York, Richmond County

Blum, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2024
Civil Court of the City of New York, Richmond County

Avamed Supply Inc as assignee of MARTHA ORTIZ, Plaintiff,

against
GEICO, Defendant.

Index No. CV-745138-23/RI

Matthew P. Blum, J.

Papers Numbered 
Defendant's Motion for Summary Judgment, 1
Plaintiff's Cross Motion for Summary Judgment and Opposition, 2
Defendant's Opposition to Plaintiff's Summary Judgement and Reply 3
Upon the foregoing cited papers, and oral argument, the Decision/Order on the motions are as follows: 
 PROCEDURAL HISTORY
This action was commenced on or about October 13, 2023, by Avamed Supply, Inc. as assignee of Martha Ortiz (hereinafter "Plaintiff") with the service of a summons and complaint on Geico (hereinafter "Defendant") for no-fault benefits allegedly due to the Plaintiff for treatment rendered on April 19, 2023, totaling $1652.63 resulting from a motor vehicle accident that occurred on March 17, 2023.
Defendant now moves for Summary Judgment, arguing that the Plaintiff violated policy conditions by failing to appear for two properly and timely scheduled Examinations Under Oath. Defendant argues that all no-fault benefits were denied due to the Plaintiff's failure to appear for at least two scheduled Examinations Under Oath. Plaintiff opposes Defendant's motion for Summary Judgment and moves for Summary Judgment by arguing that Defendant's second scheduling letter was untimely and therefore any denials were premature.

DISCUSSION

I: Summary Judgment
A motion for Summary Judgment under CPLR §3212 should be granted if "upon all the papers and proofs submitted, the cause of action shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any of the parties." CPLR §3212 (b), Matter of Eighth Dist. Asbestos Litig., 33 NY3d 488, 496 (2019) quoting Alvarez v. Prospect Hosp., 68 NY2d 320, 324 (1986); O'Brien v. Port Auth. Of NY & N.J., 29 NY3d 27, 37 (2017). Summary Judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues. Chiara v. Town of New Castle, 126 AD3d 111, 125 [*2](2d. Dep't 2015), citing Millerton Agway Cooperative, Inc. v. Briarcliff Farms, Inc., 17 NY2d 57 (1966). In reviewing a Summary Judgment motion, the court must consider the facts in the light most favorable to the opposing party. Lau v. Margaret E. Pescatore Parking, Inc., 30 NY3d 1025, 1027 (2017) citing Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgt., L.P., 7 NY3d 96 (2005). A party in opposition to a motion for Summary Judgment must present evidence sufficient to raise a triable issue of fact, although mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient. Lau v. Margaret E. Pescatore Parking, Inc., 30 NY3d 1025, 1027 (2017) citing Zuckerman v. New York, 49 NY2d 557, 562 (1980).
Once the movant has made this showing, however, the burden shifts to the party opposing the motion for Summary Judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. Matter of Eighth Dist. Asbestos Litig., 33 NY3d 488, 496 (2019) quoting Jacobsen v. New York City Health & Hosps. Corp., 22 NY3d 824, 833 (2014) quoting Vega v. Restani Constr. Corp., 18 NY3d 499,503 (2012). 

 II: Defendant's Motion for Summary Judgment is Denied.
Defendant argues that pursuant to CPLR §3212, no issue of fact exists for trial. Specifically, Defendant contends that Plaintiff violated policy conditions by failing to appear for properly and timely scheduled Examinations Under Oath pursuant to 11 NYCRR §65-1.1. Defendant maintains that despite properly scheduling and notifying Plaintiff of Examinations Under Oath to be conducted on June 27, 2023, and July 27, 2023, Plaintiff's failure to appear at said hearings violated policy conditions precedent and thus, Defendant properly denied the claim.
Plaintiff argues that Defendant's second scheduling letter was mailed past the statutorily permitted time period. 
Upon the request of the insurer, the eligible injured person or that person's assignee or representative shall: as may reasonably be required submit to examinations under oath by any person name by the Company. 11 NYCRR §65-1.1 (b). It is well settled that a failure to comply with the condition precedent of submitting to an Examination Under Oath, as often as may be reasonably required, is a violation of the policy thus, allowing for the denial of benefits. Matter of State Farm Fire & Cas. Co. v. Llera-Negron, 193 AD3d 746, 747 (2d. Dep't 2021) quoting IDS Prop. Cas. Ins. Co. v. Stracar Med. Servs., P.C., 116 AD3d 1005, 1007 (2d. Dep't 2014). "To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had twice failed to appear, and that the insurer had issued a timely denial of the claims." Oleg's Acupuncture, P.C. v. State Farm Mut. Auto. Ins. Co., 2019 NY Slip Op 50760(U)(App Term 2d. Dep't 2019). 
Defendant's attaches to its motion under exhibit "A", two scheduling letters that were mailed to Plaintiff requesting EUOs. The first letter is dated June 12, 2023, and includes a date for an EUO at the office of Defendant's counsel for June 27, 2023, at 10:00am. The second letter is dated July 12, 2023. In that letter is states that Plaintiff failed to appear for the first scheduled EUO and as such, a second EUO was being scheduled for July 27, 2023, also at the office of [*3]Defendant's counsel.
11 NYCRR §65-3.6 (b), states the following. "At minimum, if any requested verifications has not been supplied to the insurer 30 calendar days after the request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by telephone call, properly documented in the file, or by mail "
The record establishes that Plaintiff failed to appear for the first duly scheduled EUO, but that the scheduling letter for the second EUO was mailed fifteen (15) calendar days after Plaintiff's failure to appear, a clear violation of the 11 NYCRR §65-3.6(a).
Defendant therefore failed to meet its burden of proof for summary judgment. The Court looks to both Parisien v 21st Century, 2019 NY Misc. LEXIS 950 (a case cited by Plaintiff in their opposition) as well as Restoration Chiropractic P.C. v 21st Century Ins Co, 2019 NY Misc. LEXIS 6523, as two cases in which the Second Department Appellate Term has ruled that failure to conform to the time frame of that regulation as a reason the Court should deny summary judgment.

Plaintiff's Motion for Summary Judgment is granted
The Court has determined that Plaintiff has made out their prima facie case. Defendant's own motion and exhibits show that they received the bill on May 18, 2023. 
As the Defendant has failed to meet their prima facie burden, since the bill in question was improperly denied due to Defendants failure to abide by the rules and regulations. As such, there are no triable issues of fact and Plaintiff's cross motion for summary judgment is granted.

 Conclusion
Based on the foregoing, Defendant's motion for Summary Judgment is denied and Plaintiff's cross motion for Summary Judgment is granted. 
As such, the Court finds a Judgment for the Plaintiff for $1652.53 constituting the total amount of the bill of the medical equipment. In addition, the Judgment shall include statutory interest from June 18, 2023, attorney's fees, and costs.
This constitutes the final Decision and Order of the Court. 
Dated: June 10, 2024
Staten Island, New York
_____________________________________
HON. MATTHEW P. BLUM, JCC