LPM Pharm., Inc. v Nationwide Prop. & Cas. Ins. Co. (2024 NY Slip Op 51191(U))

[*1]

LPM Pharm., Inc. v Nationwide Prop. & Cas. Ins. Co.

2024 NY Slip Op 51191(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., CHEREÉ A. BUGGS, PHILLIP HOM, JJ

2023-1142 K C

LPM Pharmacy, Inc., as Assignee of Christine White, Respondent, 
against
Nationwide Property and Casualty Ins. Co., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Gary Tsirelman, P.C. (David M. Gottlieb of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), dated September 20, 2023. The order, insofar as appealed from and as limited by the brief, denied defendant's cross-motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross-motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved to compel defendant to comply with its discovery demands. Thereafter, defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for three duly scheduled examinations under oath (EUOs) on May 17, 2019, June 17, 2019, and June 20, 2019, and plaintiff "cross-moved" for summary judgment. The Civil Court denied plaintiff's motion to compel discovery as moot, and upon denying both parties' "cross-motions" for summary judgment, made CPLR 3212 (g) findings in both parties' favor, including that defendant had established that plaintiff's assignor failed to appear for an EUO on May 17, 2019, that the EUO scheduled for June 17, 2019 was mutually rescheduled, and that the claim was timely denied. The Civil Court also held that there were triable issues of fact regarding "whether [d]efendant's third [EUO] notice under the circumstances was reasonable and [*2]whether [d]efendant properly notified the eligible injured person of the location of the third scheduled EUO appointment" to be held on June 20, 2019. 
Defendant is entitled to summary judgment dismissing the complaint based upon plaintiff's assignor's failure to appear at duly scheduled EUOs on May 17, 2019 and June 20, 2019. The record indicates that, prior to the time plaintiff's assignor was supposed to appear, during a phone call between plaintiff's assignor and defendant's counsel's office on June 17, 2019, the second EUO originally scheduled for June 17, 2019, was rescheduled, at plaintiff's assignor's request, to June 20, 2019. Defendant submitted prima facie evidence that plaintiff's assignor was orally informed of the date, time, and location of the follow-up EUO scheduled for June 20, 2019 during the phone call on June 17, 2019, and plaintiff failed to submit an affidavit from someone with personal knowledge to rebut this evidence (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Island Life Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co., 64 Misc 3d 130[A], 2019 NY Slip Op 51038[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). As plaintiff's assignor specifically requested that the second EUO be rescheduled to June 20, 2019, a mere three days later, this method of notice was sufficient (see 11 NYCRR 65-3.6 [b]). It is immaterial that plaintiff's assignor may not have received written confirmation of the date, time, and location of the rescheduled EUO before June 20, 2019, since the no-fault regulations do not require notice of an EUO to be provided in writing (see 11 NYCRR 65-3.5 [b]; 65-3.6 [b]). As it is undisputed that defendant timely scheduled EUOs of plaintiff's assignor, that plaintiff's assignor failed to appear at EUOs on May 17, 2019 and June 20, 2019, and that the claim was timely denied within 30 days of June 20, 2019, defendant's cross-motion for summary judgment dismissing the complaint should have been granted (see Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755, 756 [2020]; Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross-motion for summary judgment dismissing the complaint is granted.
OTTLEY, J.P., BUGGS and HOM, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024