Refolio, LLC v Certain Underwriters of Lloyd's of London (2025 NY Slip Op 04029)

Refolio, LLC v Certain Underwriters of Lloyd's of London

2025 NY Slip Op 04029

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2021-09068
 (Index No. 500902/20)

[*1]Refolio, LLC, et al., appellants, 
v
Certain Underwriters of Lloyd's of London, etc., respondent.

McKinley Law, P.C., Lloyd Harbor, NY (Shannon C. McKinley of counsel), for appellants.
Fleischner Potash, LLP, New York, NY (Eric R. Leibowitz and Jennifer M. Mindlin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 6, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs were the owners of certain real property located in Brooklyn (hereinafter the property), which was insured under an insurance policy issued by the defendant (hereinafter the policy). On February 20, 2019, a fire occurred at the property, and the plaintiffs submitted a claim to the defendant for coverage under the policy. The defendant disclaimed coverage on the ground that the plaintiffs failed to comply with a cooperation clause of the policy. In January 2020, the plaintiffs commenced this action alleging that the defendant breached the policy by refusing to pay for repairs. In March 2021, the defendant moved for summary judgment dismissing the complaint. In an order dated December 6, 2021, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
"An unexcused and willful refusal to comply with disclosure requirements in an insurance policy is a material breach of the cooperation clause and precludes recovery on a claim. Compliance with such a clause is a condition precedent to coverage, properly addressed by the court" (Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d 603, 604 [citations omitted]; see Matter of State Farm Fire & Cas. Co. v Llera-Negron, 193 AD3d 746; Jahangir v Tri-State Consumer Ins. Co., 189 AD3d 1564, 1565; Argento v Aetna Cas. & Sur. Co., 184 AD2d 487, 488). "In order to establish breach of a cooperation clause, the insurer must show that the insured engaged in an unreasonable and willful pattern of refusing to answer material and relevant questions or to supply material and relevant documents" (Matter of New York Cent. Mut. Fire Ins. Co. v Rafailov, 41 AD3d at 604 [internal quotation marks omitted]; see Jahangir v Tri-State Consumer Ins. Co., 189 AD3d at 1565).
Here, the defendant established, prima facie, that the plaintiffs engaged in a pattern [*2]of willful noncooperation in the investigation of the claim by failing to attend an examination under oath with no reasonable explanation despite four adjournments at the plaintiffs' request and by failing to turn over any documents requested by the defendant in connection with the examination under oath (see Argento v Aetna Cas. & Sur. Co., 184 AD2d at 488; Bulzomi v New York Cent. Mut. Fire Ins. Co., 92 AD2d 878, 878). The plaintiffs' breach of the policy was not cured by their belated expression of willingness to cooperate (see Johnson v Allstate Ins. Co., 197 AD2d 672, 672).
In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 327). Contrary to the plaintiffs' contention, their former attorney's affidavit was based on hearsay and was insufficient to defeat the defendant's motion for summary judgment (see Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 893; Maniscalco v Liro Eng'g Constr. Mgt., 305 AD2d 378, 380).
The plaintiffs' remaining contentions are either without merit or improperly raised for the first time in reply.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court