One RX Chemist, Inc. v Nationwide Mut. Ins. Co. (2025 NY Slip Op 51848(U))

[*1]

One RX Chemist, Inc. v Nationwide Mut. Ins. Co.

2025 NY Slip Op 51848(U)

Decided on November 21, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 21, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571051/25

One RX Chemist, Inc. a/a/o Jean Macceus, Plaintiff-Respondent, 
against
Nationwide Mutual Ins. Co., Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, Bronx County (Lauren L. Esposito, J.), entered on or about February 10, 2025, which denied its motion for summary judgment.

Per Curiam.
Order (Lauren L. Esposito, J.), entered February 10, 2025, reversed, without costs, defendant's motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant-insurer's unopposed motion for summary judgment dismissing this action for first-party, no-fault benefits should have been granted. Defendant made a prima facie showing that plaintiff failed to appear at properly scheduled examinations under oath (EUOs) (see Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C., 185 AD3d 468 [2020]; Hertz Vehs. LLC v Significant Care, PT, P.C., 157 AD3d 600, 601 [2018]; Mapfre Ins. Co. of NY v Manoo, 140 AD3d 468, 469 [2016]). The affidavit of defendant's attorney sufficiently described the standard practices and procedures of his office for mailing EUO scheduling letters (see Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755, 757 [2020]; Liberty Mut. Ins. Co. v Five Boro Med. Equip., Inc. 130 AD3d 465, 465-466 [2015]), and counsel further represented, under penalty of perjury, that he had personal knowledge that the described practices and procedures were followed in this matter (id. at 466). This was adequate proof that the EUO letters were mailed to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur concur
Decision Date: November 21, 2025