Quality Health Supply Corp. v Nationwide Ins. (2023 NY Slip Op 02689)

Quality Health Supply Corp. v Nationwide Ins.

2023 NY Slip Op 02689

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-06955
 (Index No. 701564/17)

[*1]Quality Health Supply Corp., etc., respondent,
v
Nationwide Ins., appellant.

Hollander Legal Group, P.C., Melville, NY (Allan S. Hollander and Jennifer B. Ettenger of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn, NY (Damin J. Toell of counsel), for respondent.

DECISION & ORDER
In an action to recover no-fault benefits, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated October 16, 2020. The order affirmed an order of the Civil Court of the City of New York, Kings County (Robin K. Sheares, J.), entered July 20, 2018, denying the defendant's motion for summary judgment dismissing the complaint and granting the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order dated October 16, 2020, is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, the plaintiff's cross-motion for summary judgment on the complaint is denied, and the order entered July 20, 2018, is modified accordingly.
The plaintiff, a medical provider, commenced this action, as assignee of no-fault insurance benefits, against the defendant insurer for a judgment in the amount of its claims for medical services provided to the insured. The defendant moved for summary judgment dismissing the complaint, arguing that it was not obligated to pay the no-fault benefits to the plaintiff because the insured assignor failed to appear at three scheduled examinations under oath (hereinafter EUOs). The plaintiff cross-moved for summary judgment on the complaint. By order entered July 20, 2018, the Civil Court denied the defendant's motion and granted the plaintiff's cross-motion, and, by order dated October 16, 2020, the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts affirmed. The defendant appeals, by permission, from the order dated October 16, 2020.
"Upon receipt of one or more of the prescribed verification forms used to establish proof of claim . . . an insurer has 15 business days within which to request 'any additional verification required by the insurer to establish proof of claim'" (Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317, quoting 11 NYCRR 65-3.5[b]). "At a minimum, if any requested verifications has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested" (11 NYCRR 65-3.6[b] [emphasis added]). "The failure to comply with the provision of an insurance policy requiring the insured to submit to an examination under oath [*2]. . . is a material breach of the policy, precluding recovery of the policy proceeds" (Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d 755, 756 [internal quotation marks omitted]; see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by showing that its letters scheduling the EUOs were timely and properly mailed, that the insured failed to appear at the scheduled EUOs, that it timely and properly followed up pursuant to 11 NYCRR 65-3.6(b), and that it ultimately issued a timely and proper denial of the claims following the insured's failure to appear at the last scheduled EUO (see 11 NYCRR 65-3.5[b]; 65-3.6[b]; 65-3.8[a]; Nationwide Affinity Ins. Co. of Am. v George, 183 AD3d at 756; Interboro Ins. Co. v Clennon, 113 AD3d at 597). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted, and the plaintiff's cross-motion for summary judgment on the complaint should have been denied.
The defendant's remaining contention need not be reached in light of our determination.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court