GPLW Acupuncture, P.C. v Nationwide Mut. Ins. Co. (2024 NY Slip Op 50395(U))

[*1]

GPLW Acupuncture, P.C. v Nationwide Mut. Ins. Co.

2024 NY Slip Op 50395(U)

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-458 S C

GPLW Acupuncture, P.C., as Assignee of Muhammad Pratts, Respondent,
against
Nationwide Mutual Insurance Company, Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Law Offices of Gabriel & Moroff, PC (Koenig Pierre of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (Garrett W. Swenson, Jr., J.), entered April 29, 2022. The order, insofar as appealed from and as limited by the brief, denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from June 8, 2020 through July 7, 2020 and from July 14, 2020 through October 5, 2020 on the ground that plaintiff failed to appear for duly scheduled examinations under oath.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from June 8, 2020 through July 7, 2020 and from July 14, 2020 through October 5, 2020 on the ground that plaintiff failed to appear for duly scheduled examinations under oath is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the District Court as denied the branches of defendant's motion which had sought summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from June 8, 2020 through July 7, 2020 and from July 14, 2020 through October 5, 2020 on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs).
For each bill at issue, defendant established prima facie that it timely mailed initial and [*2]follow-up EUO scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]); that plaintiff failed to appear for the scheduled EUOs; and that defendant then issued "timely and proper denial[s] of the claims following [plaintiff's] failure to appear at the last scheduled EUO" (Quality Health Supply Corp. v Nationwide Ins., 216 AD3d 1013, 1014 [2023]). To the extent that the District Court stated that there was an issue of fact as to whether the EUOs were scheduled to be held in a location which was reasonably convenient for plaintiff, we note that the EUO scheduling letters offered to let plaintiff appear virtually. As plaintiff failed to raise a triable issue of fact in response to defendant's prima facie showing, defendant is entitled to summary judgment dismissing so much of the complaint as sought to recover upon those claims (see id.; ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is reversed and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims for services rendered from June 8, 2020 through July 7, 2020 and from July 14, 2020 through October 5, 2020 on the ground that plaintiff failed to appear for duly scheduled examinations under oath is granted.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024