Central Pharm., Inc. v Nationwide Mut. Ins. Co. (2024 NY Slip Op 51557(U))

[*1]

Central Pharm., Inc. v Nationwide Mut. Ins. Co.

2024 NY Slip Op 51557(U)

Decided on November 8, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 8, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2024-273 Q C

Central Pharmacy, Inc., as Assignee of Roger Darbasie, Respondent, 
against
Nationwide Mutual Insurance Company, Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander and Brian Kaufman of counsel), for appellant.
Law Offices of Gabriel & Moroff, P.C. (Koenig Pierre of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Andrea S. Ogle, J.), dated January 5, 2024. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from so much of an order of the Civil Court as denied defendant's motion which had sought summary judgment dismissing the complaint on the ground that plaintiff failed to appear for duly scheduled examinations under oath (EUOs). The Civil Court found, in effect, pursuant to CPLR 3212 (g), that the only issue for trial was "the scheduling of EUO[s] based upon the objection letters of the [p]laintiff and the [d]efendant's responses."
To the extent that the Civil Court found an issue of fact as to the reasonableness of the location of the EUO, each of the EUO scheduling letters offered plaintiff the option to appear virtually. As plaintiff does not challenge the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment, defendant's motion for summary judgment dismissing the complaint is granted (see GPLW Acupuncture, P.C. v Nationwide Mut. Ins. Co., 82 Misc 3d 128[A], 2024 NY Slip Op 50395[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 8, 2024